Vermont Central Rail Raad Co. agt. Northern Rail Road Co.

in an especial manner which do not admit, from the circumstances which usually attend the drawing of affidavits, of that care and leisure which parties can ordinarily bestow on other proceedings in Justice's Courts.

I am of opinion that the affidavit of George Colver was properly taken into consideration in this case, and if that were questionable, that the defendant is precluded from taking the objection, because his attorney omitted to raise it before the justice when he moved to quash the attachment.

The judgment of the County Court should be reversed and that of the justice affirmed.

<hr/>

## SUPREME COURT.

The Vermont Central Rail Road Company agt. The Northern Rail Road Company.

A motion to change the place of trial can not be made, before a written demand for the required change is made, under § 126 of the Code.
But the change is not effected, after the proper demand has been served under that section, until the *order* of the court upon motion (*Rule* 3).

*Jefferson Special Term, July* 1851.  The plaintiff is a foreign corporation having no residence in the state.  The defendant's road is located in the counties of St. Lawrence, Franklin and Clinton.  The venue in this action is laid by the complaint in the county of Oneida, where it is conceded the defendant has no legal residence.  Before the time for answering expired the defendant's attorney demanded in writing, under section 126 of the Code, that the trial be had in the county of St. Lawrence.  That was disregarded, and this motion is made to change the *venue* to the county of *Franklin*, as to which *no demand* has been made.

C. G. Myers, *for the Motion.*

F. Kernan, *Opposed.*

Hubbard, Justice—This action is transitory, and the venue must be governed by the residence of the parties, or some of them,

under section 125 of the Code. The county of Oneida being improperly designated as the place of trial in the complaint, the venue must be changed, upon the proper application, provided the defendant has any legal residence in any county within the state. But whether a rail road corporation can be said to acquire any such *residence*, or whether if it can the county of Franklin is the locality because the principal office or place of business of the defendant is at Malone, I find it unnecessary to decide, in the disposal of this motion.

The motion must be *denied* on the ground that *no demand* in writing, pursuant to section 126 of the Code has been made that the venue be changed to Franklin. It is not certain that the demand of trial in St. Lawrence is of any importance on this motion, but it is insisted that a demand is not indispensable, that a motion may be made in the first instance.

By the judiciary act of 1847, section 46, the only remedy was by motion, if an improper venue was designated, and such motion was required to be made before the time for answering expired. The Code preserves the principle of that act in regard to the locality of the venue, but substitutes a *new practice* in relation to removal. By the 126th section a written demand in place of the motion, is required. A motion is only requisite or allowable, it seems to me, in the event the demand is disregarded. The object of this material change of the practice in this particular may have been, and probably was, to allow the plaintiff an opportunity of voluntarily correcting his error by amendment, stipulation or otherwise, without the expense and delay of a motion.

The demand alone, it seems does not *ipso facto* operate to change the venue. If not changed by the voluntary act of the plaintiff, it must be effected by the *order* of the court on motion. This *order* is clearly contemplated by rule 3 of the Supreme Court, which provides that in case the place of trial is changed for the reason that the proper county is not specified as required by section 125 of the Code, the papers on file at the time of the *order making such change*, shall be transferred to the county *specified in such order*. The venue is changed by the order, and not by

force of the demand. As the *statute* prescribes the practice, it seems imperative that a written notice requiring the removal of the venue to the proper county should first be served, and until that is done, a motion is premature.

I have used the term *venue* as synonymous with the place of trial to be designated in the complaint, and in contradistinction to the *place of trial* with reference to the convenience of witnesses, &c. The term is omitted in the Code, although the distinction between the *venue* and *place of trial* is preserved, as it existed under the judiciary act, and for perspicuity the words may still with propriety be used, when defining the *statutory locality* for the trial.

The motion is denied with $10 costs of opposing, and as the practice is unsettled, without prejudice to any future proceeding under sections 125 and 126 of the Code, to change the *venue*.