# SUPREME COURT.

## LEWIS HOUCK agt. JOSEPH LASHER.

Every action under the Code is so far *transitory*, that the plaintiff may with impunity lay the venue in any county in the state.

If the proper county has not been selected, the defendant has the right to have the place of trial changed. But to secure this right two things are necessary·

Houck agt. Lasher.

*First,* he must, within a limited time, make the *demand* prescribed by section 126 of the Code, and then, the demand having been made, unless the change be made by consent of parties;

*Second,* an order of the court directing the change must be obtained. Unless both these requirements are complied with, the plaintiff may bring his action to trial in the county selected by him for that purpose.

The court has no authority, on a motion to change the place of trial for the convenience of witnesses, on denial of that motion, to order it changed for the reason that the county designated for that purpose in the complaint is not the proper county—no previous demand for such change having been made.

*Albany General Term, March,* 1859.

*Present,* HARRIS, GOULD *and* HOGEBOOM, *Justices.*

MOTION to change the place of trial. The action is brought to recover the value of certain personal property taken by the defendant, who was a constable of the county of Schenectady, by virtue of an execution against one Simon Houck. The plaintiff claimed the property under a chattel mortgage. The venue in the action is laid in the county of Albany. Issue having been joined in the action, the defendant moved to change the venue from the county of Albany to the county of Schenectady, upon the ground that the convenience of witnesses would be promoted by the change, and also upon the ground that the county designated in the complaint is not the proper county. The motion was made at a special term held in Schenectady before Mr. Justice POTTER—no demand had been made by the defendant that the trial be had in the proper county. The judge at the special term refused to grant the motion for the convenience of witnesses, but held that the defendant had a right to have the venue changed, on the ground that Schenectady is the proper county. The order directs that "*the place of trial of this action be and the same hereby is changed from the county of Albany to the county of Schenectady, for the reason that the county designated for that purpose in the complaint is not the proper county.*" From this order the plaintiff appealed to the general term.

IRA SHAFER, *for plaintiff.*

S. W. JACKSON, *for defendant.*

By the court—HARRIS, Justice. At the common law, actions in respect to the place of trial were either *local* or transitory. In a local action a mistake in the venue was a fatal error. In a transitory action, the plaintiff was under no restraint in selecting the place of trial. But under the Code this distinction does not exist. No action is strictly local in the sense in which the term is used at the common law, and no action,[3] except perhaps the actions mentioned in the 125th section of the Code, in which all the parties are non-residents of the state, is strictly *transitory*. With the exception already noticed, each action has *some county* in which it is properly triable. Sometimes this is determined by the situation of the subject of the action. These actions are specified in the 123d section of the Code. Sometimes it is determined by the place where the cause of action arose—such actions are specified in the 124th section of the Code. In other cases the proper county is determined by the residence of the parties. These cases are mentioned in the 125th section.

And yet every action is so far *transitory* that the plaintiff may, with impunity, lay his venue in any county in the state. If the proper county has not been selected, the defendant has the right to have the place of trial changed. But, to secure this right, two things are necessary. First, he must within a limited time, make the demand prescribed by the 126th section of the Code, and then, the demand having been made, unless the change be made by consent of parties, an order of the court directing the change must be obtained. · Unless both these requirements are complied with, the plaintiff may bring his action to trial in the county selected by him for that purpose.

In this case the defendant is a public officer, and is sued for an act done by him in virtue of his office. The action belongs to one of the class specified in the 124th section of the Code. The defendant had a right to have it heard in the county of Schenectady, where the cause of action arose. But, by omitting to make the demand authorized by the 126th section, and, " *thereupon* " applying for an order changing the

Houck agt. Lasher.

place of trial, he waived this right. The action then became triable in the county designated in the complaint. The place of trial might still be changed, if, in the judgment of the court, the convenience of witnesses and the ends of justice would be promoted thereby, but the defendant would no longer have the right to demand a change.

I agree with the learned judge who made the order in question, that where a motion is made to change the place of trial for the convenience of witnesses, and with a view to promote the ends of justice, the court may very properly regard the situation of the subject of the action, the place where the cause of the action arose, and the residence of the parties. Had this been done, the decision, whatever it might have been, would have been the subject of review. But, instead of doing this, it was held that the actions specified in the 123d and 124th sections of the Code are strictly local actions, as they were before the adoption of the Code, and that the provision in the 126th section, requiring that the defendant, if he would have the place of trial changed, on the ground that it is not in the proper county, shall demand such change in writing before the time for answering expires, is only applicable to the cases mentioned in the 125th section. Upon this construction of these sections, it would follow that, without any previous demand, the place of trial should be changed, and, without regard to the convenience of witnesses, or any other consideration, the defendant was entitled to the effect of his motion— and so it was held. The motion was granted as a matter of right. Such an order clearly affects a substantial right, and is therefore appealable.

It has never before, so far as I am aware, been denied that the provisions of the 126th section are alike applicable to all the cases mentioned in the three preceding sections. These provisions are too plain to admit of doubt. It is declared in the most general terms, that if the county designated for that purpose be not the proper county, whatever the nature of the action, it may, notwithstanding, be tried in that county, unless the defendant shall take the prescribed measures to prevent it.

The language of the provision is just as applicable to the class of actions specified in the 123d and 124th sections as to those mentioned in the 125th section.   There is no ground for any distinction in this respect.   So, too, in each of these sections, the provision which makes the actions specified triable in some particular court, called in the 126th section "the proper county," is declared to be "subject to the power of the court to change the place of trial in the cases provided by statute." In other words, the court is authorized in all these cases, in one as much as another, to change the place of trial in the cases, and for the reasons specified in the 126th section.   The construction of these provisions, which was adopted at the special term, cannot, in my judgment, be sustained.   The order therefore must be refused, but I think it should be without costs.