LANDON, J., concurs. See *post,* 565. FISH, J., dissents. See *post,* 960.

---

### TAYLOR *v.* SMITH *et al.*

*(Supreme Court, General Term, First Department. January 24, 1890.)*

1. PLEADING—ANSWER—DENIAL ON INFORMATION AND BELIEF.
   Under Code Civil Proc. N. Y. § 500, subd. 1, declaring that the answer must contain "a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief;" and in view of the provisions of section 524, that the denials in a pleading, "unless they are therein stated to be made upon the information and belief, * * * must be regarded * * * as having been made upon the knowledge of the person verifying the pleading," etc., and section 526, that the verification must state that the pleading is true, to the knowledge of the person making it, except as to those matters therein stated to be alleged on information and belief,—a denial, in a verified answer, of a material allegation in the complaint, "upon information and belief," is good. Following *Bennett* v. *Manuf'g Co.*, 17 N. E. Rep. 669.

2. NEGOTIABLE INSTRUMENTS—ACTIONS—PLEADING—INDORSEMENT.
   Where an answer in an action on a note denies the allegations in the complaint that the payee had indorsed the note to plaintiff, who thereby became the lawful owner, the indorsement and transfer are material facts, under the denial, and it cannot be stricken out on special motion.

Appeal from special term, New York county.

Action by James E. Taylor against Andrew K. Smith and others, on a promissory note. From an order striking out an answer as frivolous, and from the judgment entered thereon, defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Edmund R. Dodge,* for appellants. *Clark Bell,* for respondent.

DANIELS, J. The action was brought against the makers and indorsers of a promissory note. The answer admitted the making and delivery of the

note, that it had not been paid, and that it was protested for non-payment; and it then contained a denial, on information and belief, of each and every allegation in the complaint not theretofore admitted. The allegations not in this manner admitted were that the payee in the note had sold, transferred, and indorsed it to .the plaintiff, who thereby became the lawful owner and holder thereof. These allegations were therefore included in the denial; and, as the rule of pleading has now become settled, that form of denial was authorized by the Code. *Bennett* v. *Manufacturing Co.*, 110 N. Y. 150, 17 N. E. Rep. 669.

The indorsement and transfer of the note to the plaintiff were material facts, under this denial, to be established by him, before a recovery in the action could be permitted. *Hays* v. *Hathorn*, 74 N. Y. 486. In no other way could the plaintiff appear to be entitled to recover on the note than by proving its alleged indorsement and delivery to him, for those facts were in this manner denied; and it is not allowable to strike out a material denial of an answer on a special motion, but the issue so created must be disposed of by a trial of the action. *Bank* v. *Leland*, 50 N. Y. 673; *Roby* v. *Hallock*, 5 Abb. N. C. 86. Both the order and judgment should therefore be reversed, with costs to the appellants, to abide the result of the action. All concur.