### TAYLOR *v.* SMITH *et al.*

(*Supreme Court, General Term, First Department.　*June 6, 1890.)

1. VENUE IN CIVIL CASES—RIGHT TO CHANGE.

A defendant has no absolute right to an order changing the place of trial to the proper county, where he has failed to make his motion within the time required by Code Civil Proc. N. Y. § 986.

2. SAME—FRIVOLOUS DEFENSE.

The power given to the court under Code Civil Proc. N. Y. § 987, to change the place of trial to the proper county at any time, should not be exercised where the attempted defense seems to have been put in for the mere purpose of delay.

Appeal from special term, New York county.

Action by James E. Taylor against Andrew K. Smith and others, on a promissory note. Defendants appeal from an order denying their motion to change the place of trial. For former litigation, see 8 N. Y. Supp. 519. Code Civil Proc. N. Y. § 986, provides: "Where the defendant demands that the action be tried in the proper county, his attorney must serve upon the plaintiff's attorney, with the answer, or before service of the answer, a written demand accordingly." Section 987 declares that the "court may, by order, change the place of trial in either of the following cases: Where the county designated for that purpose in the complaint is not the proper county," etc.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*E. R. Dodge,* for appellants.　*Clark Bell,* for respondent.

VAN BRUNT, P. J. This action was commenced by the service of a summons and complaint in September, 1889, the place of trial being named as the

county of New York. The plaintiff resides, and resided when this action was begun, in the county of Yates, and the defendants all resided in the county of Steuben. In October, 1889, before answering, the defendants served on plaintiff's attorney a written demand that the place of trial be changed to the proper county, viz., the county of Steuben. The plaintiff neglected to comply with this demand, and motion papers were served on the plaintiff's attorney for an order changing the place of trial, such motion being returnable on the 4th of November, 1889. Prior to the time at which this motion to change the venue was made returnable, a motion was made by the plaintiff to strike out the defendant's answer, which had been in the mean time interposed, as frivolous, and this motion was granted. No further action was taken in reference to the motion to change the venue. An appeal was taken to the general term from the order striking out the answer, and that order and the judgment entered thereon were subsequently reversed. 8 N. Y. Supp. 519. After the answer had been restored by this judgment of the general term, the defendants made a new motion to change the place of trial, which was denied upon the ground that it was not made in due time. With this determination of the court below, we see no reason to interfere. If the defendant claimed as matter of right that the place of trial should be changed, he was bound by the limitation contained in section 986 of the Code, and, not having made his motion within the time therein prescribed, he had no absolute right to an order changing the place of trial. It is true that by subdivision 1 of section 987 the court has the power in a case like the present at any time to change the place of trial, but that is a power to be exercised according to the circumstances of each particular case. There was nothing in the attempted defense set up in this case which addressed itself particularly to the favor of the court, as it would seem to have been put in merely for the purposes of delay. We think under these circumstances the court should not have granted the motion, and the order appealed from is affirmed, with $10 costs and disbursements.

All concur.