## BENEDICT V. JOHNSON.

1. By the provisions of Section 6, Chapter 78, Laws 1890, defining the jurisdiction of county courts, and limiting the jurisdiction of the same to "all that class of cases wherein justices of the peace now have, or may hereafter have jurisdiction, the amount thereof being limited according to the population of the counties," the jurisdiction of such county courts is not only limited as to the subject matter of the action over which justices of the peace have jurisdiction, but to the jurisdiction of justices' courts over the parties to the action.

2. Section 6044, Comp. Laws, providing that "actions in justices' courts must be commenced and * * * must be tried in the county where the defendant resides or in which he may be summoned," and Section 6055 providing "that the summons cannot be served out of the county of the justice before whom the action is brought, except, when the action is brought on a joint contract or obligation of two or more parties," control and limit the jurisdiction of county courts over the parties to the action.

3. A general appearance by the defendant in an action, after a special appearance for the purpose, and motion made to dismiss the same on the ground that the court has no jurisdiction of the person, and which has been overruled and exception legally preserved, does not constitute a waiver of the objection to the jurisdiction of the court.

4.    When an action in which the court has not jurisdiction of the person of the defendant, and in which a motion to dismiss on the ground that the court has not jurisdiction of the person of the defendant has been made and overruled, and exception preserved, is transferred to another county court, the latter court acquires no jurisdiction of the same, and it should, on motion, dismiss the action.

[Syllabus by the court.    Opinion filed December 9, 1893.]

Appeal from county court, Lincoln county.

Action by J. S. Benedict against Gilbert Johnson. Defendant had judgment dismissing the action, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby*, for appellant.

*C. B. Kennedy*, for respondent.

CORSON, J. The plaintiff commenced an action in the county court of Minnehaha county against the defendant, a resident of Lincoln county, and the summons and complaint were served upon him in the last named county. The defendant appeared specially for the purpose, and upon an affidavit showing that defendant was a resident of Lincoln county, and was served with the summons and complaint in that county, moved the county court of Minnehaha county to dismiss the action on the ground that the said county court had no jurisdiction, as the defendant was a resident of said Lincoln county, and the service of the summons and complaint was made upon him in the last named county. This motion was denied by the court, and presents the first question for the consideration of this court. Does the county court have jurisdiction over the person of a defendant not a resident of the county in which the action is commenced, and not served with the summons in that county, there being but one defendant in the action? The appellant contends that county courts have the same jurisdiction as circuit courts over parties to an action, and are only limited as to the subject matter over which justices' courts have jurisdiction, and as to

the amount that may be claimed in an action specified in the county court act. The respondent insists that the jurisdiction of such courts is not only limited to the class of actions in which justices' courts have jurisdiction except as to amount claimed, but to the jurisdiction of the justices' courts in respect to parties. Section 20, Art. 5, of the state constitution provides that "county courts shall be courts of record and shall have original jurisdiction in all matters of probate, * * * * and such other civil and criminal jurisdiction as may be conferred by law." Under the power thus conferred the legislature passed an act establishing and defining the jurisdiction of county courts, constituting Chapter 78, Laws of 1890. Section 6 of that act provides that "they [county courts] shall have concurrent jurisdiction with the circuit court with all that class of cases wherein justices of the peace now have or may hereafter have jurisdiction, the amount thereof being limited according to the population of the counties." The section then provides for two classes of counties, in one of which the jurisdiction is limited to actions where the amount claimed shall not exceed $500, and the other where the amount claimed shall not exceed $1,000. Section 13 of the act provides as follows: "The process, pleadings, practice and mode of procedure in the county courts shall be the same as provided for the circuit courts of this state by the Code of Civil Procedure, or as may hereafter be provided for by law." These are all the sections of the act bearing directly upon the question presented. By the justice court act jurisdiction is given to justices of the peace over a certain class of actions where the amount claimed shall not exceed $100; and Section 6044, Comp. Laws, provides: "Actions in justices' courts must be commenced, and subject to the right to change the place of trial as hereinafter provided, must be tried in the county where the defendant resides, or in which he may be summoned." Section 6055, Comp. Laws, provides as follows: "The summons cannot be served out of the county of the justice before whom the action is

brought, except where the action is brought upon a joint contract or obligation of two or more persons who reside in different counties, and the summons has been served upon the defendant resident of the county, or found therein, in which case the summons may be served upon the other defendants out of the county." It will thus be seen that the jurisdiction of justices' courts is limited to cases where one of the defendants resides in the county, or is served therein. Circuit courts, being courts of general jurisdiction, have jurisdiction over the person of a defendant served with process in any county in the state, subject to the right of such person upon a proper demand, to have the place of trial changed to the proper county. Sections 4888–4891, Comp. Laws; Houck v. Lasher, 17 How. Pr. 520; Campau v. Dewey, 9 Mich. 404; Watts v. White, 13 Cal. 321. But we are of the opinion that it was not the intention of the legislature to confer upon county courts this unlimited jurisdiction over parties throughout the state. It will be observed by the reading of Section 6 of the county court act that general concurrent jurisdiction with the circuit courts is not conferred upon county courts, limited only by the amount claimed in the action, but that a further limitation is made to "all that class of cases wherein justices of the peace have jurisdiction." Turning to the justice court act we find that the jurisdiction of justices is limited in three respects: First, as to the amount claimed in the action, that being limited to $100; second, as to the class of actions over which they are given jurisdiction as to subject matter; and, third, as to the parties over whom they have jurisdiction, that being limited to the residents of the county or parties served therein, except as to joint contractors. Is this court at liberty to say that the legislsture only intended to limit the county courts as to the class of actions in respect to the subject matter, and not as to the class of actions over which the justices' court has jurisdiction by reason of the residence of the defendant? We think not. We can see no reason why the limitation as to the class of actions over which the jus-

tices' courts have jurisdiction may not as well include those in which the jurisdiction of the person is involved as those in which they have no jurisdiction of the subject matter. The only restriction as to the limitation in the act is as to the amount claimed. From this fact we may reasonably infer that all the other limitations applicable to justices' courts are applicable to county courts. Having specified one exception to the limitation, it must be presumed the legislature intended all others to apply. This construction seems to be in harmony with the various provisions of the act. As will be noticed, in different counties the jurisdiction as to amount is made different. In one class it is limited to claims or demands not exceeding $500, in others to claims or demands not exceeding $1,000. Therefore, if an action was commenced, in a county having jurisdiction of a claim not exceeding $1,000, to recover $900, against a party resident of another county, and served therein, in which latter county the jurisdiction of the county court was limited by the population of the county to demands not exceeding $500, could the defendant so situated demand a change of the place of the trial to the county of his residence, where, under the statute, if the action had been commenced in the circuit court, he would be entitled to have the action tried? Obviously not, as the case could not be tried in the county court of the latter county. We think it could not have been the intention of the legislature to confer upon the county courts jurisdiction over parties in distant counties, and thereby subject them to the expense and inconvenience of a trial of their cases in any county the plaintiff might select; but that the legislature did intend to limit the jurisdiction of these courts to the case of defendants residing in or served in the county, except in the cases specified in the section quoted from the justice court act. There is no difficulty in construing Section 13 of the county act in harmony with this view, as the two sections, being parts of the same act, must be construed together. Therefore it is only so much of the Code of Civil Procedure as is applicable

which shall govern in the county court proceedings. We are of the opinion, therefore, that the motion of the defendant should have been granted by the county court of Minn'ehaha county, and the case dismissed.

After the county court denied the motion to dismiss the action, the defendant appeared generally by counsel, and answered. The appellant contends that by the act of appearing generally in the action after the motion to dismiss was denied the defendant submitted himself to the jurisdiction of the court and thereafter the county court of Minnehaha county had jurisdiction of the case, even admitting that the court did not acquire jurisdiction by the service of the summons. This proposition would undoubtedly be correct if no exception had been taken to the decision of the court denying the motion to dismiss. But where objection is taken to the jurisdiction of a court, and the objection is not sustained, a party is not required to abandon his case, and interpose no defense to the action, in order to preserve his rights. Lyman v. Milton, 44 Cal. 630; Deidesheimer v. Brown, 8 Cal. 339. This doctrine has often been applied in what is known as "Removal Cases," where the defendant has appeared specially for the purpose of moving the transfer of a case from the state to the federal court. A denial of the motion, and an exception to the same, is all that is required of the defendant to preserve his rights to a review of the question of jurisdiction, though he thereafter appears in the case generally, and defends the same in the state court. Removal Cases, 100 U. S. 457; Insurance Co. v. Dunn, 19 Wall. 214. While the record in this case does not show affirmatively that an exception to the ruling of the court denying the motion to dismiss was taken, it does affirmatively appear that the defendants counsel was not present when the order denying the motion was made; hence, under the provisions of Section 5080, Comp. Laws, the defendant is deemed to have excepted to the decision. That section provides that, "the verdict of a jury, * * * and an order or decision made in the absence of a party are deemed to

have been excepted to." We are of the opinion, therefore, that the defendant lost no right to take advantage of his objection to the jurisdiction of the court by appearing generally in the action subsequent to the denial of the motion.

After serving an answer, the defendant demanded that the place of trial be changed to the county court of Lincoln county, and on motion the case was transferred to that county for trial. The defendant thereupon renewed the motion to dismiss the case, on the ground that the county court of Minnehaha county had no jurisdiction of the person of the defendant, and upon other grounds. The county court of Lincoln county granted the motion, and the action was dismissed upon the first ground stated in the motion. The counsel for appellant insists that this motion should have been denied, upon the ground that, the motion having been once passed upon by the county court of Minnehaha county, it was *res adjudicata,* under the decision of this court in Weber v. Tschetter, (S. D.) 46 N. W. 201, and Hall v. Harris, Id. 931. But we cannot agree with counsel in this contention. There are two answers to this position. One is that the record does not show that the proceedings and decision upon that motion were brought to the attention of the court of Lincoln county, or that it was in any manner before it; and the second is that the motion challenged the jurisdiction of the Lincoln county court on the ground that, if the Minnehaha county court had no jurisdiction over the case, the Lincoln county court acquired none by reason of the transfer of the case to that court, and therefore it was really a motion to dismiss the action because that court had no jurisdiction, and was not a renewal of the motion made in the county court of Minnehaha county. It is a well settled doctrine that if a court in which a case is originally commenced has no jurisdiction, an appellate court, or a court to which it may be transferred, is equally without jurisdiction to do anything further in the case than to dismiss it. Plunkett v. Evans, (S. D.) 50 N. W. 961. We are of the opinion, therefore, that there was no error in the ruling of the county court of Lincoln county, and its judgment is affirmed.