(29 Misc. Rep. 517.)

JONES v. BROWN.

(Supreme Court, Special Term, New York County. November, 1899.)

1. BILLS AND NOTES—AFFIDAVIT OF DEFENSE—SHAM PLEADING.
     Where defendant gave a note in payment of merchandise, his affidavit and an agreement attached thereto showing that plaintiff's assignor and others had agreed that, if defendant would assign a claim to a trustee for their benefit, they would not sue him on their claims until the trustee obtained judgment, did not support an allegation in his answer to a suit on a note that it was without consideration, and given for the accommodation of the payee, and it will be stricken out as sham.

**2. SAME.**
> Where defendant admitted the making of the note sued on, but denied its transfer to and ownership by plaintiff as alleged in the complaint, such answer being the denial of a material allegation which plaintiff must prove before recovery, he was not entitled to judgment on the answer as frivolous.

Action by Walter R. Jones against George Brown on a note. Motion to strike out defendant's answer as sham, and for judgment. Denied.

Henry L. Maxson, for the motion.
David W. Rochmovitz, opposed.

SCOTT, J. This is an action upon a promissory note made by defendant to the order of the De Forest & Hotchkiss Company, and by them indorsed to plaintiff. The defendant admits the making of the note, but denies that it was made for value received, or for any legal or valuable consideration. He denies that it was presented for payment at maturity, and payment demanded and refused. He denies the indorsement and transfer to the plaintiff, and his present ownership, but makes no allegation as to ownership or possession of the note by any one else. And he finally alleges that the note was made by defendant and delivered to plaintiff as and for the accommodation of plaintiff's assignor, the De Forest & Hotchkiss Company, without consideration and without value received. The plaintiff now moves to strike out the allegations of the answer denying consideration for the note, and alleging that it was given for the accommodation of plaintiff's assignor, and, if so much of his motion be granted, that he have judgment by reason of the frivolousness of the answer. To prove the falsity of those portions of the answer sought to be stricken out as sham, the plaintiff produces an affidavit of the treasurer of the De Forest & Hotchkiss Company, showing that the note in suit was given in payment for merchandise sold to defendant, and giving a copy of a letter written by defendant acknowledging his liability on the note. The defendant submits an affidavit in which he does not deny that the note was given in part payment of merchandise furnished him. He says that the note was alleged in the answer to have been given for the accommodation of the plaintiff's assignor, because, after the making of the note, an agreement was entered into between himself and certain of his creditors, including plaintiff's assignor, whereby he agreed to assign a certain claim to a trustee for said creditors, and the creditors agreed not to institute any suits upon their claims against defendant until the trustee should have prosecuted the assigned claim to judgment. The agreement itself, a copy of which is annexed to defendant's affidavit, recites his indebtedness to plaintiff's assignor. It is apparent that neither the defendant's affidavit, nor the agreement referred to in it, sustains his allegations that the note was made without consideration and merely for the accommodation of the plaintiff's assignor. On the contrary, the only inference to be drawn from them is that the note was given for a valuable consideration. If the defendant could successfully interpose the agreement not to

sue as a defense to an action upon the note, he does not lay the foundation to do so by denying consideration for the note at its inception. The answer must be dealt with as he has seen fit to frame it, and, being so dealt with, the portions above referred to are clearly sham, and must be stricken out. So far as regards the motion for judgment upon the answer as frivolous after the sham portions have been stricken out, it must be denied. The third paragraph of the complaint alleges the transfer to and ownership of the note by the plaintiff. These are material allegations, which the plaintiff must prove in order to recover. They are explicitly denied by the defendant. Such a denial cannot be regarded as frivolous. Taylor v. Smith (Sup.) 8 N. Y. Supp. 519; Bank v. Hudson, 8 App. Div. 27, 40 N. Y. Supp. 1018.

The motion must be granted so far as regards striking out the specified portions of the answer as sham, and must be denied so far as it asks for judgment upon the answer as frivolous. No costs to either party. Ordered accordingly.