CHANDLER V. HILL.

1. Under Comp. Laws, § 6136, providing that no notice of trial or note of issue shall be required to be served or filed in order to bring a cause appealed from a justice's court on the trial calendar of the circuit court, but such appeal shall be filed with the clerk and entered on the calendar, and shall stand for trial as soon as reached, a motion to strike such an appeal from the trial calendar of the same term during which it was filed was properly denied.

2. Where, in an aotion in a justice court, defendant appeared specially, and moved to dismiss on the ground that the justice had acquired no juris-

diction of the defendant, and, after such motion was denied, appeared generally, without saving an exception to the ruling on such motion, defendant thereby submitted to the jurisdiction of the court; and a motion to dismiss the cause after it had been appealed to the circuit court, on the ground that the justice had no jurisdiction, was properly denied.

(Opinion filed April 3, 1900.)

Appeal from circuit court, Lawrence county. Hon. JOSEPH B. MOORE, Judge.

Action by Alice Chandler against Fannie Hill to recover possession of certain personal property. From a judgment of the circuit court in favor of plaintiff on an appeal from a justice of the peace, defendant appeals. Affirmed.

*James P. Wilson*, for appellant.

*Chas. E. Davis* and *Geo. R. Davis*, for respondent.

HANEY, J.   This actin was commenced in justice's court to recover the possession of a trunk and its contents. Defendant appeared specially, and moved to dismiss for the reason that the court had not acquired jurisdiction of the defendant. The motion was denied. Thereupon defendant applied for a change of place of trial, which was granted. A motion to dismiss on the same ground was denied by the second justice. The parties having filed written pleadings and proceeded to trial, judgment was rendered in favor of the plaintiff. On March 21, 1898, an appeal was taken to the circuit court on questions of both law and fact. The justice having transmitted a certified copy of his docket, the pleadings and other papers, they were filed in the circuit court on March 22d; a regular term of that court having commenced on the second Tuesday of the preceding February, and the trial of causes coming on to be heard at that term having begun February 17th. On April

16th the court, of its own motion, set this action for trial on April 18th, at which time defendent appeared and moved that it be stricken from the trial calendar because the rules of court require that cases appealed during term time should go over until the next regular term, and because the case was put on the calendar contrary to law. This motion, and a motion to dismiss the action on the ground that, the justice's court having been without jurisdiction, the circuit court acquired none by the appeal, were denied, the cause was tried anew, and plaintiff recovered judgment, from which this appeal was taken.

If there is any rule of court in the Eighth circuit affecting the trial of appealed cases, it will be presumed, in the absence of any showing to the contrary, that the action of the learned circuit court was in accordance with such rule. The statute relating to such cases contains the following: "No notice of trial and note of issue shall be required to be served or filed in order to bring the cause appealed upon the trial calender in the circuit court, but said appeal shall be filed by the clerk, on payment of his costs, and entered upon the calendar, and shall stand for trial as soon as the same is reached in the regular call of the calendar thereafter " Comp. Laws, § 6136. It was the duty of the clerk to directly enter the cause upon the calendar on payment of his costs, and it stood for trial as soon as reached in the regular call of causes for trial. It certainly should not have been stricken from the calendar, and, if defendant was not ready for trial when the case was called, she should have moved for a continuance.

Defendant having appeared generally in the justice's court after her motion to dismiss was denied, without having saved

an exception to the ruling on such motion, she submitted to the jurisdiction of that court, and her motion to dismiss in the circuit court was properly overruled. Benedict v. Johnson, 4 S. D. 387, 57 N. W. 66. The judgment of the circuit court is affirmed.