(108 App. Div. 9.)

PHILLIPS v. TIETJEN.

(Supreme Court, Appellate Division, Second Department. October 20, 1905.)

1. VENUE—CHANGE—AUTHORITY OF COURT ON ITS MOTION.

Under Code Civ. Proc. § 985, providing that, though the county designated in the complaint as the place of trial is not the proper county, the action may be tried therein unless the place of trial is changed on demand of defendant by consent of plaintiff or order of court; section 986, requiring that the demand shall be served either before or with the answer, and declaring that, in default of plaintiff's consent served within five days after service of demand, defendant may move for an order for the change of the place of trial; and section 987, authorizing the court to change the place of trial where the county designated in the complaint is not the proper county—a court cannot, on its own motion, change the place of trial of an action for personal injuries negligently inflicted by another, brought in a county in which neither party resides, to the county in which they both reside.

Appeal from Special Term, Queens County.

Action by Ellen Phillips against Christian F. Tietjen. From an order denying a motion to restore the action to the general calendar of the court of Queens county and changing the place of trial to the county of New York, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Ira Leo Bamberger, for appellant.

Charles Melville Weeks, for respondent.

HIRSCHBERG, P. J. The action was commenced in May, 1904, to recover damages for personal injuries charged to the defendant's negligence. The venue was laid in Queens county, where neither party then resided. At that time both parties resided and have ever since resided in the county of New York. The defendant, however, made no demand for a change of the place of trial, but served an answer in due season, and the case was placed on the general calendar for trial in Queens county in October, 1904. At the April term in 1905 the case was ready for trial, but was not reached. At the June term it was reached, and a jury impaneled to try it; but the learned trial justice, discovering that the parties resided in the county of New York, struck the case from the calendar of his own motion. Subsequently the plaintiff moved at Special Term for an order restoring the case to the calendar, which motion the court denied, and thereupon of its own motion changed the place of trial to the county of New York. The court could not lawfully change the place of trial in the circumstances detailed. By section 985 of the Code of Civil Procedure it is expressly provided that, if the county designated in the complaint as the place of trial is not the proper county, the action may notwithstanding be tried therein, unless the place of trial is changed to the proper county upon the demand of the defendant, followed by the consent of the plaintiff, or the order of the court. The clear intention of the provision is that the consent of the parties to try the action in the county designated is to be effective, and that the defendant, by a timely demand for a change of the place of trial, may procure such change by either the plaintiff's consent or by an order of the court; such consent or order, however, to follow the demand. This intention is manifested further by the provisions of section 986 of the Code of Civil Procedure, which require that the demand shall be served either before or with the answer, that the plaintiff's consent to the proposed change of the place of trial must be served within five days after the service of the demand, and that in default of such consent the defendant's attorney may move for the order within ten days after the time limited for the service of the consent. It can hardly be doubted that, in the absence of a consent and after the expiration of the period designated for the defendant's motion, a motion to change the place of trial to the proper county could be denied for laches.

The provisions of section 987 of the Code of Civil Procedure, authorizing the court by order to change the place of trial in the cases designated, are not absolute in the sense of conferring the power irrespective of the desires or the conduct of the parties, but are to be read in connection with the preceding sections. I find nothing to the contrary in the cases apparently relied on by the court at Special Term, viz., Gorman v. South Boston Iron Co., 32 Hun, 71, and Lyman v. Gramercy Club, 28 App. Div. 30, 50 N. Y. Supp. 1004. In each of these cases a motion was made by the defendant for a change of the place of trial, and the court confined itself to the province of hearing and determining. In McConihe v. Palmer, 76 Hun, 116, 27 N. Y. Supp. 832, the place of trial was changed without a previous demand; but it was changed

upon motion in the orderly administration of justice. Mr. Justice Rumsey, in his work on Practice (2d Ed., vol. 2, p. 138), says:

"The language of section 986 would seem to leave no room for doubt that the demand is an essential prerequisite to a motion to change the place of trial to the proper county. In McConihe v. Palmer, 76 Hun, 116, 27 N. Y. Supp. 832, however, it was held that the section was directory only, and not mandatory, and that the change could be ordered notwithstanding the absence of a demand. An intimation to the same effect is found, also, in Taylor v. Smith (Sup.) 11 N. Y. Supp. 29, 30. This doctrine is contrary, not only to the earlier cases (Van Dyck v. McQuade, 18 Hun, 376; Houck v. Lasher, 17 How. Prac. 520; Vermont Cen. R. R. Co. v. Northern R. R. Co., 6 How. Prac. 106) expressly in point, but also to some of more recent date (Spaulding v. Am. Woodboard Co., 5 App. Div. 620, 39 N. Y. Supp. 203), as well as the cases of more recent date in which the necessity of a demand has been assumed in deciding whether such demand or the notice of motion was timely (Penniman v. The Fuller & Warren Co., 133 N. Y. 442, 31 N. E. 318; Ganz v. Edison Electric Illum. Co., 79 Hun, 409, 29 N. Y. Supp. 810; Harmon v. Van Ness, 56 App. Div. 160, 67 N. Y. Supp. 561; Binder v Met. St. Ry. Co., 68 App. Div. 281, 74 N. Y. Supp. 54), and, it is apprehended, does not represent the law."

In Houck v. Lasher, 17 How. Prac. 520, a case which arose under the former Code of Procedure, the provisions of which were practically identical with those now in force, it was held that the court had no authority, on a motion to change the place of trial for the convenience of witnesses, to order it changed on the ground that the proper county had not been designated in the complaint, where no previous demand for such change had been made. The court said (page 522):

"If the proper county has not been selected, the defendant has the right to have the place of trial changed. But, to secure this right, two things are necessary: First, he must within a limited time make the demand prescribed by the 126th section of the Code, and then, the demand having been made, unless the change be made by consent of parties, an order of the court directing the change must be obtained. Unless both these requirements are complied with, the plaintiff may bring his action to trial in the county selected by him for that purpose."

The order should be reversed, with $10 costs and disbursements, and the motion to restore the cause to the general calendar in Queens county granted, with costs. All concur.