Clark agt. Campbell *et al.*

# SUPREME COURT.

## CLARK agt. CAMPBELL *et al.*

*Venue — Motion to change place of trial — Laches — Sections 986 and 987, Code of Civil Procedure.*

A motion to change place of trial may be made by the defendant ten days after the expiration of the five days given plaintiff to consent to the change, fifteen days after the demand has been made by defendant (*Code of Civil Procedure, sec.* 986).

*Quære.* Where the defendant neglects to make the motion until two months after demand, and until after the cause has been noticed for trial in the county where the venue was laid, can the motion be successfully opposed on the ground of laches?

*It seems*, that under the provisions of section 987 the court has the power to change the place of trial, on the ground that the county where the venue is laid is not the proper county, when all the parties reside in the county to which it proposed to change the place of trial, and the transactions took place there, though the defendant has allowed two months to elapse since the service of his demand.

*New York Chambers, November,* 1877.

MOTION to change place of trial.

The action is brought on a promissory note and the defense is payment. This motion is made to change the place of trial from New York to Washington county as the proper county, the transaction having taken place there and the parties residing in that county. A demand was served with the answer on the 15th day of August, 1877, and this motion noticed October 25, 1877, more than two months after demand and after the cause had been noticed for trial in New York county. Plaintiff opposed the motion, on the ground of

Clark agt. Campbell *et al.*

laches, as under the Code of Civil Procedure (*sec.* 986) this motion must be made ten days after the expiration of the five days given plaintiff to consent to the change, or in all fifteen days after the demand has been made by defendant.

*George P. Sheldon*, defendants' counsel, for motion.

*Charles G. Cronin*, plaintiff's counsel, opposed.

LAWRENCE, *J.* — The plaintiff and two (if not all three) of the defendants reside in the county of Washington. That was, therefore, the proper county for the trial of the action when commenced. Even if, under section 986 of the Code of Civil Procedure, the defendants cannot, as matter of right, claim that the cause should be sent to Washington county for trial, I am of opinion that under the provisions of section 987 the court has the power to change the place of trial on the ground that New York is not the proper county, and as the parties reside in Washington county and the transactions took place there it would appear to be a proper exercise of the power vested in the court to send the case to the last named county for trial. The motion is therefore granted, but as some of the points involved arise under the new Code, and may not be free from doubt, no costs are allowed.