Thompson agt. Heidenrich.

## SUPREME COURT.

DAVID A. THOMPSON, receiver, &c., of SAMUEL L. EISNER, agt. SAMUEL B. HEIDENRICH, SAMUEL L. EISNER, individually and as executors under the will of HENRY EISNER, deceased, and others.

*Place of trial of an action establishing an interest in real property — Code of Civil Procedure, section 982 — What actions are within it — Code of Civil Procedure, sections 986, 783 — Power of the court under section 783 to relieve from non-compliance with section 986.*

The plaintiff in his character as receiver not only seeks to recover the interest of S. E. in the estate of his father, which consists of both real and personal property situate in the city of New York, but also that a certain assignment executed by S. E. to H., which released an interest in such estate of said H. E., deceased, comprising real as well as personal property derived by S. E. under and by virtue of the will of his father. On motion to change place of trial:

*Held.* that the action is within that portion of section 982 of the Code of Civil Procedure, which is as follows: "And every other action to recover or procure a judgment establishing, determining, defining, for-

Thompson agt. Heidenrich.

feiting, annulling or otherwise *affecting an estate, right, title, lien or other interest in real property or a chattel real.*"

Where the defendants made a proper demand that the place of trial be changed to the city and county of New York, pursuant to section 986 of the Code of Civil Procedure, but omitted to serve a notice of motion upon the plaintiff's attorney within the ten days prescribed by such section:

*Held,* that under section 783 the court has power and will, in a proper case, relieve the defendant from the charge of laches in not serving notice of motion as required by section 986.

*Albany Special Term, November,* 1883.

THIS is a motion by the defendant Heidenrich to change the place of trial in the above action from the county of Albany to the city and county of New York, upon the ground that said action affects real estate situate in the city of New York, and is therefore local.

*S. W. Rosendale,* for the motion.

*L. G. Hun,* opposed.

INGALLS, *J.*— This action is instituted by the plaintiff, as receiver, to reach the property of the defendant Samuel L. Eisner, and to cause the same to be applied in satisfaction of the judgments mentioned in the complaint.

The plaintiff alleges, among other things, in his complaint, in substance, that the said Samuel L. Eisner had acquired an interest in the estate of his father Henry Eisner, deceased, consisting of real and personal estate situated in the city of New York, under the provisions of the will of his said father; that Samuel L. Eisner, by an instrument in writing, transferred to the defendant Samuel B. Heidenrich all of the interest of the former in and to the estate of his father, and that such transfer was made in fraud of the rights of the creditors of said Samuel L. Eisner.

The plaintiff, in his complaint, demands that the assignment executed by the said Eisner and the said Heidenrich be set aside and vacated and declared to be null and void; and

Thompson agt. Heidenrich.

that the plaintiff, as such receiver, be adjudged and declared *to be the owner of and entitled* to receive and hold so much of the right, title and interest acquired by. the said Samuel L. Eisner under and by virtue of the will of his deceased father Henry Eisner, as shall be sufficient to satisfy and discharge the claims of the creditors represented by him, together with interest and all necessary and proper costs and disbursements; and that the executors of the said Henry Eisner be ordered and directed *to recognize and acknowledge his title thereto and his right to receive and hold the same,* and to pay and transfer the same, or such portions thereof as are now due and arising, to him forthwith, and in case it shall be determined that the said Heidenrich purchased the aforesaid interest in good faith, and without notice of the latter's fraudulent intention, for a valuable consideration, that then the said transfer and assignment shall be held to be valid and effectual only to the extent of the consideration so actually advanced and furnished by the said Heidenrich; *and all the rest, residue and remainder of the interest of the said Eisner in the estate of his deceased father shall be adjudged to belong to the plaintiff,*" &c. Thus we perceive that the plaintiff, in his character as receiver, not only seeks to recover the interest of Samuel L. Eisner in the estate of his father, which consists of both real and personal property, but also that the assignment executed by Samuel L. Eisner to Heidenrich, which released an interest in such estate of said Henry Eisner, deceased, comprising real as well as personal property derived by said Samuel L. Eisner under and by virtue of the will of his father.

It seems very clear to my mind, considering the facts stated in the complaint and the relief therein claimed, that the action is within that portion of section 982 of the Code which is as follows: "And every other action to recover or procure a judgment establishing, determining, defining, forfeiting, annulling or otherwise *affecting an estate, right, title, lien or other interest in real property or a chattel real.*"

Thompson agt. Heidenrich.

The section referred to is very comprehensive in respect to the language employed, and, so far as I have been able to discover, the courts have not evinced a disposition to restrict its meaning or effect (*Knickerbocker L. Ins. Co.* agt. *Clark*, 22 *Hun*, 506; *Fleise* agt. *Buckley*, 22 *Hun*, 551; *Bush* agt. *Treadwell*, 11 *Abb.* [*N. S.*], 27; *Leland* agt. *Hathorn*, 42 *N. Y.*, 547; *Wood* agt. *Hollister*, 3 *Abb.*, 14; *Starks, Receiver*, agt. *Bates*, 12 *How.*, 465).

The defendants made a proper demand that the place of trial be changed to the city and county of New York, pursuant to section 986 of the Code, but omitted to serve a notice of motion upon the plaintiff's attorney within the ten days prescribed by such section. I am convinced that the attorneys for the defendant Heidenrich have reasonably excused their failure to serve notice of motion, and should therefore be relieved from the charge of laches, provided the court is authorized to grant that relief, and it seems to me that section 783 of the Code confers ample authority for that purpose. The place of trial must therefore be changed to the city and county of New York, but without prejudice to a motion by the plaintiff to change the place of trial to any other county for convenience of witnesses (*Veeder* agt. *Baker*, 83 *N. Y.*, 157; *Park* agt. *Carnley*, 7 *How. Pr.*, 355; *International L. Ins. Co.* agt. *Southard*, 14 *Abb.*, 240).

No costs and allowance upon this motion.

The clerk of Albany county is authorized to enter an order in accordance with the foregoing.