*(Supreme Court, General Term, First Department.*   May 24, 1889.)

1. DISCOVERY—TO FRAME BILL OF PARTICULARS.

  Code Civil Proc. N. Y. § 804, provides that the general rules of practice must prescribe the cases in which discovery may be had in any cases authorized by the Code.   Section 803 authorizes a discovery in reference to any books and papers relating to the merits of the action or of the defense.   Gen. Rule Prac. 14 provides that a discovery may be had by either party in order to enable him to frame his pleadings, and that either party may be compelled to make discovery as provided by Code Civil Proc. c. 8, art. 4, (which includes section 803.)   *Held,* that a discovery might be had to enable a party to frame a bill of particulars.

2. SAME—DESCRIPTION OF BOOKS AND PAPERS.

  An order for a discovery will not be granted unless the books and papers as to which the discovery is sought are so described in the affidavit that they may be identified.

Appeal from special term, New York county.

Action by Louis M. Cornish and another against Maurice S. Wormser, on a check for $5,000, made by defendant, payable to plaintiffs' order.   The answer admits the check, but sets up various counter-claims, etc.   Defendant appeals from an order denying a motion for a discovery to enable him to furnish a bill of particulars.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Henry Melville,* for appellant.   *Dill, Chandler & Seymour, (Frederick Seymour,* of counsel,) for respondents.

VAN BRUNT, P. J.   We are of the opinion that the court in a proper case has the power to order a discovery or inspection of books and papers to enable a party to frame a bill of particulars.   *Ball* v. *Publishing Co.,* 48 Hun, 149. It is true that rule 14 speaks of applications for discovery for the purpose of enabling a party to frame his complaint or answer, but it also provides that either party may be compelled to make discovery as provided by article 4, tit. 6, c. 8, Code Civil Proc.   This rule is passed pursuant to section 804 of said Code, which provides that the general rules of practice must prescribe the cases in which discovery may be had in any case authorized by the Code. Section 803 authorizes such a discovery in any action in reference to any books and papers relating to the merits of the action or of the defense therein. Thus rule 14 contains no restriction, but the general authority exists to order such discovery at any stage of the action in furtherance of justice.

We think, however, the order appealed from was right, because there was no specification of the books and papers as to which discovery is sought, and nothing but surmises as to their contents.   The affidavits and order should definitely describe the books and papers to be produced, so that the party proceeded against may know what to admit or deny, and also so that the court may know when books and papers are produced whether or not they are such as the order calls for.   An order for discovery must be reasonably definite and explicit, and cannot be so vague that what books and papers are desired cannot be determined by the court upon a reading thereof.   For these reasons the order appealed from must be affirmed, with $10 costs and disbursements, with leave to renew motion upon payment of these costs and disbursements.

All concur.

---

### LAMSON CONSOLIDATED STORE SERVICE CO. *v.* HART, Sheriff, *et al.*

*(Supreme Court, General Term, First Department.*   May 24, 1889.)

VENUE IN CIVIL CASES—LOCAL ACTIONS.

  Under Code Civil Proc. N. Y. § 983, subd. 2, providing that an action against a public officer for an act done by virtue of his office shall be tried in the county wherein the cause of action arose, an action against a sheriff, to restrain him from

selling plaintiff's property under an execution against another person, should be tried in the county wherein the levy was made, though the execution defendant resides in another county, and is joined with the sheriff as a defendant.

Appeal from special term, New York county.

Action by the Lamson Consolidated Store Service Company against John W. Hart, sheriff of Albany county, the United States Store Service Company, and Gilbert M. Speir, Jr., a resident of New York county, receiver of the last-named corporation, to restrain said Hart from selling property claimed by plaintiff, under an execution in favor of George C. Blickensderfer, and against said corporation. Defendant Hart moved for a change of venue to Albany county, which was refused, and he appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Chase & Delehanty*, for appellant. *Horace H. Chittenden*, for respondent.

DANIELS, J. The plaintiff, as the owner of office furniture, machinery, tools, wares, and merchandise, brought this action to restrain their sale and disposition under an execution issued to the defendant Hart, as sheriff of the county of Albany. It is alleged in the complaint that the sheriff, on or about the 2d of November, 1888, levied upon this property at the office and shops, in the city of Albany, of the defendant the United States Store Service Company. A demand was made, within the time prescribed by the statute, for the change of the place of trial to the county of Albany. The plaintiff failed to consent to that change, and, within the time mentioned in section 986 of the Code of Civil Procedure, an order was made requiring the plaintiff to show cause why the place of trial should not be changed to the county of Albany. This motion was afterwards heard and denied by the court, and from the order denying it the sheriff has brought this appeal. It is perfectly evident from the complaint, and the other papers in the action, that it has been brought against the sheriff, as the principal defendant, for the act done by him in virtue of his office, as that has been described in subdivision 2, § 983, of the Code of Civil Procedure; and that section has declared that an action of this description must be tried in the county where the cause of action or some part of it arose. This right has been no further qualified than that the sheriff shall comply with succeeding sections of the Code, providing for the service of the demand, and the making of the motion. These sections were literally complied with on his part, and that entitled him to a change of the place of trial. And he was not deprived of that right by the fact that the United States Store Service Company and its receiver were joined as defendants with him in the action. He was the essential and necessary party.

The cause of action, if any existed in equity or at law, arose out of his act in the execution of the process delivered to and used by him; and that the sheriff, though others may be sued with him as defendants, will not on that account be deprived of the right to a trial in the county whose officer he is, was held in *People* v. *Kingsley*, 8 Hun, 233; *Wintjen* v. *Verges*, 10 Hun, 576. The order should be reversed, with $10 costs and the disbursements, and an order entered changing the place of trial to the county of Albany, and for costs of the motion. All concur.