ISAAC McCONIHE, Appellant, *v.* CHARLES PALMER, as Sheriff of the County of Fulton, Respondent.

*Change of place of trial — local action within § 983 of the Code of Civil Procedure —·. § 986 is directory not mandatory — demand dispensed with — affidavit of merits — technical defects cured.*

Where a summons and complaint show upon their face that the action is prosecuted against a public officer for an omission to perform an official duty as sheriff, the action is local and within the provisions of section 983 of the Code of Civil Procedure.

Such an action may be tried in the county designated in the summons and complaint, although not the proper county, unless the place of trial is changed to the proper county by consent or by an order of the court.

Section 986 of the Code of Civil Procedure is directory and not mandatory, and in a proper case a court may dispense with the making of the demand, therein provided for, that the trial of an action be had in the proper county, and may change the place of trial although no demand has been made.

Motions to change the place of trial for the convenience of witnesses are largely in the discretion of the Special Term, and its determination of such motions will not be reversed on appeal, unless it clearly appears that there was an abuse of that discretion, or that the court erred in coming to the conclusion it did.

Upon a motion to change the place of trial of an action, any defect in the technical requirements of an affidavit of merits is cured if enough appears by other affidavits in the case (if established by proof and not explained away), to amount to a defense upon the merits.

APPEAL by the plaintiff, Isaac McConihe, from an order of the Supreme Court, made at the Albany County Special Term and

entered in the office of the clerk of the county of Rensselaer on the 3d day of November, 1893, granting the defendant's motion to change the place of trial from the county of Rensselaer to the county of Fulton.

*Warren McConihe*, for the appellant.

*Clark L. Jordan*, for the respondent.

MAYHAM, P. J.:

The summons and complaint in this action show upon their face that the action is prosecuted against a public officer for an alleged omission to perform an official duty as sheriff of Fulton county.

It was, therefore, a local action, and within the language of section 983 of the Code of Civil Procedure "must be tried in the county where the cause of action arose," unless the defendant has by some act or omission on his part forfeited his right to insist upon that provision of the Code.

It is true that, notwithstanding this apparently mandatory provision, the action may, if the county designated in the summons and complaint is not the proper county, be tried therein, unless the place of trial is changed to the proper county upon a demand of the defendant, followed by a consent of the plaintiff or the order of the court.

In this case the defendant omitted to serve a demand on the plaintiff for a change of the place of trial, but that, we apprehend, did not deprive the court of the power when applied to, to change the place of trial to the proper county. Section 987 of the Code of Civil Procedure provides that the court may, by order, change the place of trial in either of the following cases:

"1st. Where the county designated for that purpose in the complaint is not the proper county."

It is insisted by the plaintiff that the defendant has waived his right to ask the court to change the place of trial to the proper county by failing to serve either before, or with the answer, a demand for the trial in the proper county, as required by section 986 of the Code. But it seems that that section is directory only, and not mandatory, and that the court may, when a satisfactory reason is presented, dispense with the making of such demand, and change

the place of trial to the proper county, although no demand was made as required by that section, and after the time fixed therein for such demand, provided the motion is made with reasonable dilligence. (*Clark* v. *Campbell*, 54 How. 166; *Gifford* v. *The Town of Gravesend*, 8 Abb. N. C. 246; *Darragh* v. *McKim*, 2 Hun, 337.)

Although none of the cases cited discuss the precise question of the effect of a neglect to serve a demand for a change of the place of trial when the action is local, yet they clearly recognize the power of the court to change the place of trial in that class of cases even when the defendant has failed to comply strictly with all the provisions of the Code upon this subject, so long as the plaintiff has not suffered by such failure.

In the case at bar we think the Special Term might fairly have regarded the stipulations between the parties relating to this motion as a waiver by the plaintiff of a strict compliance with all the provisions of the statute, and a consent that the motion might be heard upon its merits.

It is also insisted that the defendant's affidavit of merits on this motion is defective. There would be force in this objection if the defendant's papers, outside of the technical affidavits of merits, did not upon their face, disclose a meritorious defense.

But we think enough appears upon the face of the defendant's papers, if established by proof, and not explained away by the plaintiff, to amount to a defense upon the merits, and that any defect in the technical requirements of an affidavit of merits is cured by the other affidavits in the case.

The motion was, therefore, properly granted on the ground that this being a local action and not brought in the proper county, the court might properly order it tried in the proper county on this motion. But the motion in this case was also made on the ground of the convenience of witnesses, and upon that aspect of this motion we think the Special Term decision must be sustained.

Motions to change the place of trial for the convenience of witnesses are largely in the discretion of the Special Term, and its determination of such motions will not be reversed on appeal unless it clearly appears that there was an abuse of that discretion, or that the court erred in coming to the conclusion it did. (*Lane* v. *The*

*Town of Hancock*, 29 N. Y. St. Repr. 635; *Schmidt* v. *Lithograph & Printing Co.*, 31 id. 258.) We see no reason for the reversal of this order on either of these grounds.

Several objections are embodied in the order and urged as reasons of reversal, but, we think, on the whole sufficient was considered by the learned judge at Special Term to enable him to reach a correct conclusion, and that his determination should be sustained.

The order must be affirmed, with ten dollars costs of this motion and printing disbursements.

PUTNAM, J., concurred in the result; HERRICK, J., not acting.

Order affirmed, with ten dollars costs and printing and other disbursements.