GEORGE C. SHERMAN, Respondent, *v.* THE ADIRONDACK RAILWAY COMPANY, THE ADIRONDACK EXTENSION RAILWAY COMPANY, HORACE G. YOUNG, NATHAN STRAUSS, FRANCIS G. BABCOCK, SAMUEL J. TILDEN, CLARKSON C. SCHUYLER and WILLIAM R. WEED, Appellants.

*Change of venue — grant of right of way by the Forest Commission — disagreement among the members of the commission as to the place of trial of an action to annul their grant — notice of motion must be served on all parties, plaintiff and defendant.*

An action brought by a citizen of the State of New York, in which he seeks the annulment of the grant of a right of way in the Adirondack preserve made by the Forest Commission to a railroad corporation, is an action which affects real property, and must be tried in the county in which the lands in question are situated.

*Semble,* that where a grant of a right of way is void upon its face, a court of equity will not interfere to remove it, because the instrument can work no mischief; and that the same rule would apply, although the invalidity did not appear upon the face of the instrument, if it necessarily appeared in some one of the links of title which the claimant would have to establish in order to give the instrument effect.

Upon a motion made to change the place of trial of an action from the county of Jefferson to the county of Essex, it appeared that the action was brought against two railroad corporations and the members of the Forest Commission to annul the grant of a right of way made by the Forest Commission to the said corporations, and that the corporations and three members of the Forest Commission (who were represented by one attorney) wished the action to be tried in Essex county, where the lands in question were situated, while the two remaining members of the Forest Commission (represented by two separate attorneys) desired that the action be tried in Albany county, the official location of the Forest Commission.

It further appeared that the respective parties defendant had not served notices of their motions to change the place of trial upon all of their co-defendants.

*Held,* that the court would not finally determine the question until all the parties to the action had received notice of the motions made by the several defendants.

APPEAL by the defendants, The Adirondack Railway Company and others, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Jefferson on the 8th day of July, 1895, denying their motion to change the place of trial of this action from the county of Jefferson to the county of Essex.

The action was commenced on the 31st of December, 1894. The place of trial named was Jefferson county. The two corporations and Young appeared by an attorney residing in Albany, who served an answer, and the defendants Tilden, Schuyler and Weed, constituting a majority of the Forest Commission, appeared by an attorney residing in Saratoga; Nathan Strauss appeared separately by an attorney residing in Watertown, and Francis G. Babcock appeared separately by an attorney residing in Hornellsville.

At the time of serving an answer a demand in writing by the defendant corporations and Young for a change of the place of trial from the county of Jefferson to the county of Essex was served, to which, after the lapse of more than five days, no consent was given.

The defendants Tilden, Schuyler and Weed, representing a

majority of the Forest Commission, served their answer, in which they assert the legality and propriety of the proceedings granting a right of way to the defendant corporations, and with their answer served on the attorneys for the plaintiff a demand in writing for the change of the place of trial from Jefferson to Essex county, on the ground that the latter is the proper county for the trial.

The corporations and a majority of the Forest Commission, in pursuance of their demands therefor, moved to change the place of the trial of the action from Jefferson to Essex county, "on the ground that the latter was the proper county, because the action affected an interest in real estate situated in the county of Essex." The motion came on to be argued at the Onondaga Special Term and was denied, and the moving defendants appeal from that order.

The minority defendants, Strauss and Babcock, gave notice of a motion to change the place of trial to Albany county, which was heard and denied at the same time as the other motion.

*Lewis F. Carr*, for appellant companies and Horace G. Young.

*Edgar T. Brackett*, for a majority of the Forest Commission.

*James A. Weed*, for the appellant, Nathan Strauss.

*D. G. Griffin*, for the respondent.

HARDIN, P. J.:

Plaintiff in his complaint alleges that he is "interested in the lands constituting what is known as the forest preserve and the Adirondack park, situated in the counties of Essex, Herkimer, Hamilton, Franklin and Lewis * * * and has a special interest in lands which are embraced within the boundaries established by the forest commission as the boundaries of the Adirondack park." He also alleges the appointment of Strauss, Babcock, Tilden, Schuyler and Weed as commissioners under chapter 332 of the Laws of 1893. The complaint also alleges that The Adirondack Railway Company, by Young, its vice-president, presented to the defendants Weed, Schuyler and Tilden, who assumed to act as commissioners, a petition which is set out in the papers, and that the commissioners assumed to act and placed upon the records of the commission a reso-

lution at the office of the commission on December 27, 1894, and that the resolution remains on the minutes of the commission. The complaint also alleges that when Weed, Schuyler and Tilden assumed to meet as such commission "no lawful meeting of said commission had been called or authorized." The complaint also alleges "that no sufficient legal notice was given to the defendants Babcock and Strauss of such meeting, and the other members of the commission had no lawful right or authority to meet or act in their absence, and all the acts done by said defendants at said meeting with reference to said petition, resolution and acceptance thereof were without authority and void." The complaint further alleges that "the lands described in said petition and resolution constitute the most valuable part of said park and preserve; * * * it is the purpose of said defendants, the said railway companies and the said Young, to enter upon said lands and denude them of their timber and of growing trees and devastate said lands, and not only destroy what may be growing thereon, but also to prevent any future growth of timber and trees thereon." Plaintiff claims to brings this action in his own behalf and "in behalf of all the other people of the State who are interested in the preservation of said park and preserve." The complaint further avers that the petition, resolution and acceptance of the defendant railway companies, "so long as they exist and remain upon the files and records of the said forest commission, constitute a cloud upon the title of the plaintiff, and of the people of the State, to said lands, and, if not canceled, will seriously interfere with the vested rights and privileges of the plaintiff in and to said lands, and embarrass him in his enjoyment of the same, because, under color thereof, the said railway companies will seek to exclude him from the free use of said lands in the manner provided for by law." In the prayer for relief the plaintiff demands judgment; "that it be decreed that the aforesaid resolution * * * and the acceptance thereof by the defendants' railway companies * * * and the said petition and the filing and record thereof, and all entries upon the files and minutes and records of the said forest commission relating thereto, be declared null and void, and be canceled and expunged from the files and records of said forest commission; and that the defendants' railway companies and the said Young be perpetually enjoined and restrained from entering on the lands

described therein, or any part thereof, and from using the same for any uses and purposes of the defendant companies; and from asserting or attempting to assert, any claim of possession, or right of possession to said lands under or by virtue of said resolution and acceptance."

It appears that the defendant corporations, as soon as the resolution was passed, accepted the grant of a right of way mentioned in the resolution "subject to the terms and conditions in such grant imposed, and hereby on their part promise and agree to conform thereto and comply therewith." In the answer of the corporations they aver that the commission convened pursuant to due notice of such meeting and that the commissioners were acting in conformity with law in the discharge of their duties, and that the "forest commission had full power and authority to grant the defendant companies a right of way over said lands, for railroad purposes, on such terms and conditions as to that body might seem just."

The answer of the defendants Weed, Tilden and Schuyler contains similar averments to the answer from which quotations have already been made; and they deny "that there was anything improper or irregular or illegal in their action, but, on the contrary, they aver that said action was strictly within their legal power; that the same was and will result in a great good to the people of the State, including this plaintiff, and will not in any degree impose any tax upon the plaintiff, nor will it result in any diminution of rainfall, or in any storage power for rainfall or for the head waters of the streams of the State, different from what existed prior to said grant."

The defendant Babcock in his answer seems to question the validity of the action of the majority of the Forest Commission, and demands judgment "that the aforesaid resolution * * * and the acceptance thereof by the defendants railway company * * * and the said petition, the filing and record thereof, and all entries upon the files and minutes and records of the said forest commission relating thereto, be declared null and void, and be canceled and expunged from the files and records of said forest commission."

The defendant Strauss served an answer containing somewhat similar allegations and demanding somewhat similar relief to that mentioned in the answer of the defendant Babcock.

It seems from the complaint and answers that the subject-matter involved is a right of way over lands situated in the county of Essex, and that the relief sought is the anullment of the grant of the right of way made by the Forest Commission. It is clearly averred that the action of the Forest Commission and of the corporate defendants creates a cloud upon the title of the State to the lands, and it is apparent that the plaintiff seeks a judgment declaring the resolution and proceedings under it void. If the petition, resolution and proceedings under it are void on their face, it is difficult to see how the plaintiff can sustain an action to have the same canceled as a cloud upon title. (*Scott* v. *Onderdonk,* 14 N. Y. 9.)

In *Fonda* v. *Sage* (48 N. Y. 179) it is said : " There is one rule however, which is fully settled and now uniformly followed in this State ; and that is, if the instrument claimed to constitute the cloud is void upon its face, a court of equity will not interfere to remove it, because such an instrument can work no mischief ; and the same is true, although the invalidity does not appear upon the face of the instrument, if it necessarily appears in some one of the links of title which the claimant would have to establish in order to give the instrument force and effect." However, it is not necessary for the purpose of this appeal to determine whether the plaintiff can succeed in maintaining an action on the equity side of the court to have canceled the petition, resolution and acceptance thereunder referred to in the complaint, and that question will more appropriately be determined when the issues are brought to trial.

Apparently the scope of the plaintiff's complaint brings the case within section 982 of the Code of Civil Procedure. In that section it is provided that an action " to recover, or to procure a judgment, establishing, determining, defining, forfeiting, annulling or otherwise affecting an estate, right, title, lien or other interest, in real property or a chattel real," must be tried in the county in which the subject of the action or some part thereof is situated. In that aspect of the case the plaintiff seeks to remove a cloud on the title, and seeks to invoke the aid of equity to guard the title to the lands mentioned in the complaint. If liberality is extended to the interpretation of the plaintiff's complaint, it brings the conclusion that it is an equitable action brought to secure the power of the court to prevent the corporate defendants from taking possession of the lands mentioned

in the resolution. It would seem, therefore, that the plaintiff's cause of action falls within the provisions of section 982 of the Code of Civil Procedure. In the course of the opinion delivered in *Hogg* v. *Mack* (53 Hun, 463), which was an action to recover money, it was observed that the clause to which reference has been made refers to actions "in which the judgment which is sought is one that by its very terms, or by reason of its form and by virtue of the express provisions therein contained, will affect the title to real property or some interest therein." (See, also, *Kearr* v. *Bartlett*, 47 Hun, 245.)

The foregoing views seem to lead to the conclusion that the corporate defendants were entitled to have the cause of action alleged against them brought to trial in the county of Essex, unless by reason of the rights of the other defendants the action ought to be tried in the county of Albany where the proceedings on the part of the Forest Commission were had. In determining the rights of the two non-consenting defendants, effect should be given to the fact that a majority of the commission, by the position taken upon the motion, seem to consent and request that the place of trial be had in the county of Essex. This presents an interesting question as to whether a majority of the commission can control the place of trial against a minority claiming to have certain rights which allow them to assert that the trial should be in the county in which the alleged official acts were performed. Apparently that question was not so presented to the Special Term that it could be authoritatively determined. It does not appear that the respective parties moving for a change from Jefferson to Essex county gave notice of their motions to all their co-defendants; and, situated as this case was after the answers were served by the several defendants, we are of the opinion that the motion could not properly be determined when made by the corporate defendants to change the venue to Essex county without notice thereof to Babcock; nor could the motion made by Babcock and Strauss to change the venue from Jefferson to Albany county be properly determined until notice thereof was given to the other defendants. It is apparent that the notices of motions given by Babcock and Strauss were served only on the plaintiff's attorneys. In the absence of such notices as we have alluded to we are of the opinion that we ought not to con-

clusively determine the merits of the motions until each party shall
have received notice of the motions made by the several defendants.
We are, therefore, of the opinion that both orders appealed from
should be set aside, without prejudice, however, to the defendants,
respectively, upon proper notice of motion, to apply to have the
place of trial changed from Jefferson county.

MARTIN and MERWIN, JJ., concurred.

Orders reversed, without costs to either party, and without prej-
udice to further application to change the place of trial from
Jefferson county after notice shall be given of the claims of the
respective parties to all persons appearing in the action.