SEARLES, Appellant, v. NATIONAL BROOME COUNTY BANK OF BINGHAMTON et al., Respondents. (Supreme Court, Appellate Division, Third Department. September 14, 1896.) Action by Jennie O. Searles, as executrix, etc., against the National Broome County Bank of Binghamton and Orris U. Kellogg, as receiver of the National Broome County Bank of Binghamton. No opinion. Motion to dismiss the appeal granted, with $10 costs.

SEEBECK, Respondent, v. PUCCI, Appellant. (Supreme Court, Appellate Division, First Department. July 31, 1896.) Action by Nicholas F. Seebeck against Antonio G. Pucci. Ezekiel Fixman, for appellant. Leo G. Rosenblatt, for respondent.

PER CURIAM. The order appealed from must be affirmed. It restrained the defendant only from blasting rock on the land adjoining the plaintiff's house and lot in such a way as to throw pieces or fragments of the rock excavated upon or against the plaintiff's walls. There was a question of fact involved, and, on the conflicting affidavits, the court was justified in adopting the plaintiff's statements, and did so. The injunction as finally allowed did not restrain the defendant from continuing the work of blasting, nor interrupt his business, but only enjoined him from conducting that business in one particular prohibited way. The order is affirmed, with $10 costs and disbursements.

SERRELL v. BRADY. (Supreme Court, Appellate Term, First Department. January 31, 1896.) No opinion. Judgment affirmed, with costs. See 35 N. Y. Supp. 1116.

SHAW v. TABERNACLE BAPTIST CHURCH. (Supreme Court, Appellate Term, First Department. January 31, 1896.) No opinion. Judgment affirmed, with costs. See 35 N. Y. Supp. 1117.

SHERMAN v. ADIRONDACK RY. CO. et al. (Supreme Court, Appellate Division, Fourth Department. July 30, 1896.) Action by George C. Sherman against the Adirondack Railway Company and others. The nature of the action, and the disposition made of prior motions relating to changing place of trial, appear in the reported case of Sherman v. Railway Co., 92 Hun, 39, 36 N. Y. Supp. 692. In the order granting motion to change the place of trial from Jefferson county to Essex county, it appears that, at the time the motion was heard at special term, the following concession was made by the attorneys for the respective parties: That the respective answers of the moving parties were served on the plaintiff's attorneys on the 19th day of January, 1895, and on the attorneys for the defendants Babcock and Strauss February 13, 1896; and that the notice for a demand to change the place of trial from Jefferson to Essex county on behalf of the moving parties was served on the attorneys for said defendants Babcock and Strauss February 27, 1896; and on the same day said notices of a demand to change the venue were duly returned by the attorneys for said defendants Babcock and Strauss, with the objection that the said demands were not served in time. In the order which denied the motion to change the place of trial, at the instance of Strauss and Babcock, to the county of Albany, it appears that the counsel for the respective parties were heard; and that there was read "the printed volume served on the motion by the defendants railway companies and Young and a majority of the forest commission to change the venue from Jefferson to Essex county, served February 13, 1896"; and that thereafter the motion was denied. Mullin, Griffin & Walker, for appellant Sherman. C. A. Dolson and James A. Ward, for appellants Strauss and Babcock. Lewis E. Carr and Edgar T. Brackett, for respondents.

HARDIN, P. J. We think the special term properly followed the doctrine laid down by the general term in Sherman v. Railway Co., 92 Hun, 39, 36 N. Y. Supp. 692. See Code Civ. Proc. §§ 982–984, 986, 987: Gorman v. Iron Co., 32 Hun, 71; Horne v. City of Buffalo, 49 Hun, 76, 1 N. Y. Supp. 801; Thompson v. Heidenrich, 66 How. Prac. 391; McConihe v. Palmer, 76 Hun, 116, 27 N. Y. Supp. 832. We think the orders should be sustained. Each order affirmed, with $10 costs and disbursements. All concur.