George C. Sherman, Appellant, v. The Adirondack Railway Company, The Adirondack Extension Railway Company, and Horace G. Young, William R. Weed, Clarkson C. Schuyler and Samuel J. Tilden, Comprising a Majority of the Forest Commission of the State of New York, Respondents; Nathan Strauss and Francis G. Babcock, Constituting a Minority of the Forest Commission of the State of New York, Appellants.— Each order affirmed, with ten dollars · costs and disbursements.

HARDIN, P. J.: The plaintiff appeals from an order of the Onondaga Special Term, made on the 29th day of February, 1896, entered in Jefferson county clerk's office on the 2d day of May, 1896, granting a motion made by the defendants The Adirondack Railway Company and others, and Samuel J. Tilden and others, constituting a majority of the Forest Commission of the State of New York, changing the place of trial from the county of Jefferson to the county of Essex. Also an appeal by Nathan Strauss from an order made on the 29th of February, 1896, entered in Jefferson county clerk's office, May 2, 1896, denying "the motion made by Nathan Strauss and Francis G. Babcock, members of the Forest Commission of the State of New York, to change the place of trial from the county of Jefferson to the county of Albany." A similar appeal was taken from the same order by Francis G. Babcock.

The nature of the action and the disposition made of prior motions relating to changing the place of trial appear in the reported case of Sherman v. The Adirondack Railway Company (92 Hun, 39).

In the order granting the motion to change the place of trial from Jefferson county to Essex county, it appears that at the time the motion was heard at Special Term the following concession was made by the attorneys for the respective parties, that the respective answers of the moving parties were served on the plaintiff's attorneys on the 19th day of January, 1895, and on the attorneys for the defendants Babcock and Strauss February 13, 1896, and that the notice for a demand to change the place of trial from Jefferson to Essex county on behalf of the moving parties was served on the attorneys for said defendants Babcock and Strauss February 27, 1896, and on the same day said notices of a demand to change the venue were duly returned by the attorneys for said defendants Babcock and

Strauss, with the objection that the said demands were not served in time.

In the order which denied the motion to change the place of trial at the instance of Strauss and Babcock, to the county of Albany, it appears that the counsel for the respective parties were heard, and that there was read "the printed volume served on the motion by the defendants railway companies and Young and a majority of the Forest Commission to change the venue from Jefferson to Essex county, served February 13, 1896," and that thereafter the motion was denied.—

We think the Special Term properly followed the doctrine laid down by the General Term in Sherman v. The Adirondack Railway Co. (92 Hun, 39). (See Code Civ. Proc. §§ 982, 983, 984, 986, 987; Gorman v. The South Boston Iron Co., 32 Hun, 71; Horne v. City of Buffalo, 49 id. 76; Thompson v. Heidenrich, 66 How. Pr. 391; McConihe v. Palmer, 76 Hun, 116.) We think the orders should be sustained. All concurred.

John Crabtree, Individually and as Executor, Appellant, v. Luther S. Goodrich and Others, Purchasers, Mary Crabtree, Individually and as Executrix, and Others, Respondents.— Orders affirmed, with ten dollars costs and disbursements, payable out of the estate.

Marietta C. Dayfoot, as Administratrix, etc., of Herbert M. Dayfoot, Deceased, Respondent, v. Cass Williams, Appellant.—Judgment affirmed, with costs.

Hampton Dodge, Respondent, v. Henry Weill, Appellant.—Judgment and order affirmed, with costs. Follett, J., not sitting. Green, J., not voting.

Edward Delaney and Anna Delaney, Respondents, v. Citizens' Insurance Company, Appellant.— Judgment and order affirmed, with costs.

James L. Green, Respondent, v. Waldemar H. Hansen, Appellant.— Judgment and order affirmed, with costs.

Garvin Machine Company, Appellant, v. Charles H. Caldwell and Others, Respondents.— Judgment reversed on the law and facts and a new trial ordered, with costs to abide event.

Miller Brewing Company, Respondent, v. The City of Rochester, Appellant. — Judgment affirmed, with costs.

The J. & A. McKechnie Brewing Company, Appellant, v. The Trustees of the Village of Canandaigua and John Hannah, Respondents.—The justices qualified to hear the appeal being equally divided, the court directs the same to be sent to and heard in the Appellate Division of the third judicial department, pursuant to section 231 of the Code of Civil Procedure.

In the Matter of Proceedings to Disbar John F. Dorthy.—The application for reargument is denied and the papers ordered filed with the clerk.

Edwin Phillips, Respondent, v. William E. Drakeford, Appellant.—Judgment and order affirmed, with costs.

Grace Putnam, Respondent, v. The Supreme Tent of the Knights of the Maccabees of the World, Appellant, Impleaded with Others.— Judgment and order affirmed, with costs.

The People of the State of New York ex rel. Delaware, Lackawanna and Western Railroad Company, Appellant, v. William H. Clapp and Others, as Assessors, and Henry Walker, as Supervisor of the Town of York, in the County of Livingston, Respondents.—Judgment and order affirmed, with costs.

Wyoming Valley Suit Company, Respondent, v. William E. Sears, Defendant; Walter R. Westbrook, Appellant.—Judgment and order affirmed, with costs. Green, J., not sitting.