## HEADINGS v. GAVETTE.

(Supreme Court, Appellate Division, Third Department.　September 25, 1903.)

1. DEFAULT JUDGMENT—ORDER ON MOTION TO VACATE.

Though defendant's notice of motion be that the default judgment be vacated, and the findings be set aside, and his attorney be allowed to serve his notice of appearance, yet the parties being before the court, and a hearing being had on the merits, the order may also allow time to serve an answer; this being incidental to the relief asked.

2. APPEAL—OBJECTION NOT MADE BELOW.

Objections that defendant's affidavits of merits on motion to vacate a default judgment was defective, not having been made below, where the court passed on his excuse of failure to seasonably appear, and on the good faith of the application, and exercised its discretion in his favor, cannot be made on appeal.

Appeal from Special Term, Washington County.

Action by William H. Headings against Horace H. Gavette.　From an order, plaintiff appeals.　Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, and CHESTER, JJ.

James White, for appellant.

Frank H. Mason, for respondent.

CHASE, J.　Plaintiff commenced an action against the defendant by the service of a summons without a complaint.　Within 20 days thereafter, the defendant gave the same to his attorney, and directed him "to look after the matter for him."　On the same day, plaintiff's attorney was told by the attorney so employed by the defendant that he would appear in the action; but the notice of appearance was not served in time, and judgment was obtained against the defendant on default.　Defendant served a notice of motion for an order "that the judgment herein be vacated, and the findings on which it was entered set aside, and that the attorney for the defendant be allowed to serve his notice of retainer."　After a hearing, an order was made allowing the defendant to serve his notice of retainer upon payment of $10 costs.　The order also provided that the defendant have 20 days to serve his answer after the service of the complaint, and it further provided that the judgment entered by the plaintiff be allowed to stand as security for any judgment that the plaintiff might obtain against the defendant upon the trial of the issues to be formed by the pleadings, and that all proceedings upon the judgment entered be stayed until the trial of the action.　From such order this appeal is taken.

Plaintiff contends that the order is broader than the relief asked for in the notice of motion.　Where an order is granted on default, it should be limited to the relief asked for in the notice of motion; but where the parties are before the court, and a hearing is had upon the merits of the subject under consideration, the court can make such an order as is required from the facts disclosed, at least to the extent of including provisions incidental to the relief demanded.　Jones v. Cook, 11 Hun, 230.

83 N.Y.S.—64½

Plaintiff also contends that the defendant's affidavit of merits is defective. It does not appear that such objection was made at the Special Term. The court at Special Term passed upon the defendant's excuse for failing to appear within 20 days after the summons was served upon him, and also upon the good faith of this application, and exercised its discretion in favor of opening the default upon the terms stated. Duche v. Voisin, 18 Abb. N. C. 358; McConihe v. Palmer, 76 Hun, 116, 27 N. Y. Supp. 832.

Order affirmed, with $10 costs and disbursements. All concur.