(153 App. Div. 191.)

HOFFMAN v. HOFFMAN.

(Supreme Court, Appellate Division, First Department. November 22, 1912.)

1. VENUE (§ 70*)—CHANGE OF VENUE—AFFIDAVITS.

A positive affidavit against a change of venue had greater probative force than one for a change which was sworn to only on information and belief and did not state a basis for the belief.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 122–126; Dec. Dig. § 70.*]

2. VENUE (§ 56*)—CHANGE OF VENUE—NECESSITY OF DEMAND.

Where defendant moved for a change of venue under Code Civ. Proc. §§ 984, 985, 986, providing that certain actions must be tried in the county where one party resides at the commencement thereof, unless a demand for a change to the proper county be made, and stipulating for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

service of such demand upon the plaintiff, and where he did not, before making his motion, serve upon plaintiff or her attorney such written demand, he was not entitled to a change of venue as a matter of right; such demand being a necessary prerequisite to the motion, and failure to make same being a waiver of his right.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 84–86; Dec. Dig. § 56.*]

Appeal from Special Term, New York County.

Action by Irene E. Hoffman against Edward Hoffman. From an order changing the place of trial from New York to Kings County, plaintiff appeals. Reversed, and motion for change denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

I. N. Jacobson, of New York City, for appellant.
Arnon L. Squiers, of New York City, for respondent.

SCOTT, J. Plaintiff appeals from an order changing the place of trial from the county of New York to the county of Kings.

The action is for a separation, and the venue is laid in the county of New York. The motion is made upon the ground that at the time of the commencement of the action neither party resided in the county of New York, but both resided in the county of Kings. Defendant therefore asks that the change of venue be granted as a matter of strict right, not as a matter of discretion.

[1] It appears that the parties lived together as husband and wife in the county of Kings until September, 1912, when they separated. Thereafter this action was begun. Defendant swears that upon the separation plaintiff went to live with an aunt in the county of Kings, where "as he is informed and believes" she continues to reside. He does not give the information upon which his belief is founded. On the other hand, plaintiff swears positively that at the time of the commencement of the action she resided and ever since has resided at a given address in the county of New York. Of the two affidavits, the latter, being made positively, carries greater probative force than the former, made on information and belief.

[2] Apart from this consideration, we are of opinion that defendant is not now in a position to demand a change of venue as matter of right. It appears that defendant did not, before making his motion, serve upon plaintiff or her attorney a written demand, as provided for in section 986, Code of Civil Procedure. The service of such a demand is, we think, a necessary prerequisite to a motion of this character, differing in this respect from motions under sections 982 and 983, wherein the place of trial of certain specified actions is fixed by law, and section 987, wherein the court is authorized, in its discretion, to change the place of trial. The present motion is made under sections 984, 985, and 986.

Section 984 provides that an action, not specified in sections 982

or 983, must be tried in a county in which one of the parties resided at the commencement thereof. Section 985 provides that:

"If the county designated in the complaint as the place of trial is not the proper county, the action may notwithstanding be tried therein; unless the place of trial is changed to the proper county upon demand of the defendant, followed by the consent of the plaintiff or the order of the court."

How such a change can be compelled by a defendant is provided in section 986, as follows:

"When the defendant demands that the action be tried in the proper county, his attorney must serve upon the plaintiff's attorney with the answer or before service of the answer a written demand accordingly. The demand must specify the county where the defendant requires the action to be tried. If the plaintiff's attorney does not serve his written consent to the change as proposed by the defendant, within five days after the service of the demand, the defendant's attorney may within ten days thereafter serve notice of a motion to change the place of trial."

It would seem difficult to frame language which would more clearly constitute a demand and refusal a necessary prerequisite to a motion to change the place of trial, and in our opinion the language should be given its plain intent. We are aware that a different opinion was expressed in McConihe v. Palmer, 76 Hun, 116, 27 N. Y. Supp. 832, but the force of the opinion as a precedent is much weakened by the fact that the motion for a change of venue was also made and granted for the convenience of witnesses. That case has not been generally followed upon the question now under discussion, and has lately been criticised and questioned by the Appellate Division in the Second Department. Phillips v. Tietjen, 108 App. Div. 9, 95 N. Y. Supp. 469. We think that a written demand must precede a motion to change the place of trial as a matter of strict right under section 986, Code Civil Procedure, and that if a defendant fails to give such notice he must be deemed to have waived his right in that regard.

Order appealed from reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.