HUDSON COUNTY CONSUMER'S BREWING COMPANY, Appellant,
v. CHARLES J. ODELL and FIDELITY AND DEPOSIT COMPANY
OF MARYLAND, Respondents.

First Department, March 5, 1920.

Trial — change of place of trial — action to recover damages arising
out of failure of public officer to perform duty — change of place
of trial to county in which action arose as matter of right —
necessity for service of written demand for change as condition
precedent to granting motion — laches in making motion.

The defendant, in an action to recover damages arising out of his failure to
perform his duty as a public officer, is not entitled as a matter of right, by
virtue of section 983 of the Code of Civil Procedure, to have the place of
trial changed to the county in which the cause of action arose.

So the place of trial will not be changed on the motion of the defendant
where he did not at any time, pursuant to section 986 of the Code of
Civil Procedure, serve a demand on the plaintiff's attorney that the trial
be held in the county in which the cause of action arose as provided by
section 983 of said Code, where the motion was made not only under that
section but also under section 987, subdivision 1, of said Code.

While conditions may develop after the joinder of issue that call for the
relief contemplated in subdivisions 2 and 3 of section 987 of the Code of
Civil Procedure and in such event the court may in its discretion grant the
application, though no written demand has been made for a change of place
of trial, still if the facts exist before the joinder of issue the provisions of
section 986 of the Code of Civil Procedure in reference to the service of a
written demand must be followed before a motion can be granted.

It seems, that the place of trial should not be changed where the defendant
has been guilty of laches in making his application.

APPEAL by the plaintiff, Hudson County Consumer's Brew-
ing Company, from an order of the Supreme Court, made at the
New York Special Term and entered in the office of the clerk
of the county of New York on the 24th day of November,
1919, granting defendants' motion to change the place of trial
to Suffolk county.

Arthur J. Westermayr, for the appellant.

Herbert Pels of counsel [Phelan Beale with him on the brief;
George H. Furman, attorney], for the respondents.

PHILBIN, J.:

The action is brought to recover damages in the sum of $977.97 for failure on the part of the defendant Odell, while sheriff of the county of Suffolk, to perform his duty as required by law in not causing to be certified a certain warrant of attachment delivered to him for service as sheriff in an action then pending in the county of New York. By reason of the warrant not being certified when served by defendant, it was ineffectual and the property sought to be attached being unsecured by the attachment, was dissipated, to plaintiff's loss. The answer sets up a defense, claiming that defendant served the papers as given to him by plaintiff's attorney and under the latter's instructions.

The affidavit of the defendant upon which the motion was granted bases the application upon section 983 of the Code of Civil Procedure, which provides that where the action is against a public officer it must be tried in the county where the cause of action, or some part thereof, arose. The affidavit also states that defendant's witnesses are all located in Suffolk county. The latter ground is apparently not relied upon; but if it were, the affidavit fails to show facts that would justify the making of the order for that reason. (*Lyman* v. *Gramercy Club*, 28 App. Div. 30.) The court, however, granted the motion under said section 983.

The case was noticed for trial for the June term, 1918, and appeared on the day calendar for trial on November 5, 1919. At the request of defendant's counsel an adjournment for two weeks was granted, and on the same day motion papers in the present application for a change of venue were served. No demand, as provided for in section 986 of the Code of Civil Procedure, has ever been served by defendant, and no indication that defendant desired that the place of trial be changed was given by him prior to the service of notice of this motion. There is no basis for respondents' contention that the provisions of section 986 are not applicable to a case arising under section 983 and, therefore, that he is entitled to the relief sought as a matter of right, and that a previous demand is not necessary.

Notwithstanding that the proper county for the trial of this action is Suffolk county (Code Civ. Proc. § 983), it may be

tried in New York county, the county designated in the complaint as the place of trial.  (Id. § 985.)

If the defendant desired that the action be tried in the proper county, he should have served upon the plaintiff's attorney with his answer, or before service of the answer, a written demand accordingly.  (Id. § 986.)

Section 987 of the Code of Civil Procedure provides that the court may change the place of trial in either of the following cases: " 1. Where the county, designated for that purpose in the complaint, is not the proper county.  2. Where there is reason to believe, that an impartial trial cannot be had in the proper county.  3. Where the convenience of witnesses, and the ends of justice, will be promoted by the change."

It will be seen that, even where the venue is laid in the proper county, the court may in its discretion designate some other county.  It is not correct, therefore, to say that an application under section 983 must be granted as an absolute right.  The court pursuant to section 987, may refuse to allow a trial to take place in what would otherwise be the proper county if the plaintiff duly makes a cross-motion (§ 768), and it has reason to believe that an impartial trial cannot be had therein or that the convenience of witnesses or the ends of justice would be promoted by the denial of the motion.  (*Behrman* v. *Pioneer Pearl Button Co.*, opinion by Mr. Justice DOWLING, 190 App. Div. 843.)  If the words " proper county " mean anything in section 986, they mean those counties referred to in sections 982, 983 and 984 as the place of trial.

It may be that conditions will develop after joinder of issue that call for the relief contemplated in subdivisions 2 and 3 of section 987, and in such event the court in its discretion could grant the application, even though no demand had been made.  But where the facts exist before joinder of issue, the provisions of section 986 must be followed before a motion can be granted.  (*Hoffman* v. *Hoffman*, 153 App. Div. 191; *Larkin* v. *Watson Wagon Co.*, 68 id. 86.)

The motion in the *Hoffman* case was based upon sections 984, 985 and 986.  As a ground for the application, it was alleged that the plaintiff resided in the county of Kings, to which county it was sought to have the trial transferred.  The court found that the proof was insufficient, and that apart from

that, plaintiff not having been served with a written demand as required by section 986, the motion should be denied. The court said that such a demand was a necessary prerequisite to an application of such a character, which differed from motions under sections 982 and 983, wherein the place of trial was fixed by law, and section 987, wherein the court is authorized in its discretion to change the place of trial. The inference is, if a motion under sections 982 and 983 is made under section 987, a demand must be made. The motion in the case at bar being based upon section 987, subdivision 1, as well as under section 983, section 986 must be held to apply. In *Larkin* v. *Watson Wagon Co.* (*supra*) the ground alleged was the convenience of witnesses and was addressed to the discretion of the court under subdivision 3 of section 987. It was held that a previous demand was not necessary. The court said that a demand was only necessary when the defendant demands that the place of trial be changed as a matter of right, and not as a matter of discretion. The demand in the case at bar is one of right under subdivision 1 of section 987.

It was held in *Lamson Consol. Store Service Co.* v. *Hart* (53 Hun, 629, opinion by DANIELS, J., reported in 23 N. Y. St. Repr. 594) that the right given under section 983 was qualified by the obligation of the sheriff to comply with the succeeding sections of the Code providing for the service of the demand and the making of the motion. In *McConihe* v. *Palmer* (76 Hun, 116), while the court held that the requirements of section 986 were directory and not mandatory, the construction of the section was not immediately involved since the plaintiff had waived compliance therewith and consented that the motion be heard on the merits. It further appears in that case that the order changing the place of trial was based upon the ground of convenience of witnesses, the court saying that upon that aspect of the motion the decision of the lower court must be sustained.

In *Phillips* v. *Tietjen* (108 App. Div. 9) it was held that the provisions of section 987 are not absolute in the sense of conferring the power irrespective of the desires of the parties, but are to be read in connection with the preceding sections.

Even if we were able to take the view that the failure to comply with section 986 were not fatal to defendant's motion, and

that the court could, notwithstanding, in the exercise of its discretion, grant the motion, we would still feel called upon to deny it because of the laches shown by defendant in delaying his application for nearly a year and a half. (*McConihe* v. *Palmer, supra.*)

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.