## CRONIN v. MANHATTAN TRANSIT CO.

(Supreme Court, Appellate Division, Second Department.   February 28, 1908.)

VENUE—CHANGE OF VENUE—DEMAND.

The court has power to grant a motion to change the place of trial for the convenience of witnesses, although no demand for such change has been made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, §§ 86, 87.]

Appeal from Special Term, Suffolk County.

Action by Patrick A. Cronin, an infant, by Patrick Cronin, his guardian ad litem, against the Manhattan Transit Company. From an order of the Special Term granting defendant's motion to change the place of trial, plaintiff appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

George S. Wing, for appellant.
Ralph P. Buell (George S. Graham, on the brief), for respondent.

RICH, J.   The motion was made to change the place of trial from the county of Suffolk to the county of New York for the convenience of witnesses.   Upon the hearing it appeared that the place of trial designated in the complaint is not the proper county, and the learned trial justice presiding at the Special Term made an order changing the place of trial.

The learned counsel for the appellant contends that the order was improperly granted and cites Phillips v. Tietjen, 108 App. Div. 9, 95 N. Y. Supp. 469, to support his contention.   In that case no demand was served.   In fact, no motion was made to change the place of trial. Both parties were ready to try, and were proceeding with the trial of the case in Queens county, when the court, of its own motion, changed the place of trial; and it was held, upon appeal from the order, that in a transitory action the power did not lie in the court to change the place of trial, irrespective of the wishes of the parties.   It was not intended there to hold that, where a party comes into court with a motion to change the place of trial for the convenience of witnesses, the court may not change the place of trial to the proper county, although no demand had been made.   We believe the court to be vested with that power.   McConihe v. Palmer, 76 Hun, 116, 27 N. Y. Supp. 832.

The order must be affirmed, without costs.   All concur.