### PALMER v. SCHWARZENBACK et al.

(Supreme Court, Appellate Division, Second Department. June 14, 1912.)

VENUE (§ 61*)—CHANGE—DEMAND FOR CHANGE.

The failure of a defendant to demand a change of venue to the proper county on or before service of the answer, as permitted by Code Civ. Proc. § 986, does not deprive the court of its power to change the place of trial under section 987.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 94–99; Dec. Dig. § 61.*]

Appeal from Special Term, Westchester County.

Action by Thomas Palmer against Arthur Schwarzenback and others. From an order changing the place of trial from Westchester county to New York county on the ground that the latter was the proper county, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Albert C. Jordan, for appellant.
Kenneth C. Kirtland, for respondents.

WOODWARD, J. Defendants moved the court, under the provisions of section 987 of the Code of Civil Procedure, for a change of venue upon the ground that Westchester county was not the proper county, and on the further ground of the convenience of witnesses. The motion was granted upon the first ground, and the plaintiff appeals from the order, urging that, as the defendants had failed to demand that the case be removed to the proper county on or before the service of an answer, as provided in section 986 of the Code of Civil Procedure, the court was without power to order the change. The question appears to have been determined adversely to the plaintiff's contention. Cronin v. Manhattan Transit Co., 124 App. Div. 543, 544, 108 N. Y. Supp. 963, and authority there cited.

The order appealed from should be affirmed, with $10 costs and disbursements.

BURR, THOMAS, and RICH, JJ., concur. JENKS, P. J., not voting.