SAMUEL GOLDFEDER, Respondent, *v.* SIMON GREENBERG, Appellant.

Second Department, November 7, 1919.

**Trial — venue — action for negligence not laid in proper county — Code Civil Procedure, section 986, construed — power of court to change venue.**

Where the venue of an action to recover damages for personal injuries caused by negligence is laid in a county where neither of the parties resides, the court, at the instance of the defendant, may change the place of trial to the proper county although the defendant, having demanded such change, did not subsequently serve a notice of motion under section 986 of the Code of Civil Procedure. Said section is directory merely and the court has power under section 987 to change the place of trial although no demand has been made.

The venue was not laid in the proper county and the court has power to correct the mistake.

APPEAL by the defendant, Simon Greenberg, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 28th day of April, 1919, denying his motion for a change of venue in an action to recover for personal injuries alleged to have been sustained by reason of defendant's negligence.

*Matthew Swerling* [*Frank N. Crosby* with him on the brief], for the appellant.

*Sydney A. Syme,* for the respondent.

RICH, J.:

The action was brought in Westchester county. Neither party resided there, the plaintiff being a resident of the county of Bronx and defendant residing in Kings county. Defendant served a notice under section 986 of the Code of Civil Procedure, demanding that the place of trial be changed to the county of Kings, but neglected to follow this up by serving a notice of motion to change the place of trial as provided in that section. He subsequently did serve a notice of motion to change the place of trial to the county of Kings, which was opposed upon the sole ground that it " was not made within

the time in which defendant was entitled to make said motion."
The motion was denied.

Section 986 of the Code is directory merely, and the court
had power under section 987 to change the place of trial
although no demand had been made. (*Cronin* v. *Manhattan
Transit Co.,* 124 App. Div. 543, 544.) Westchester county
is not the proper county for the trial of this action. (Code
Civ. Proc. § 984.) It was a mistake to bring it there, and
the court is not without power to correct it. The motion
ought to have been granted, and it follows that the order
must be reversed.

The order should be reversed, with ten dollars costs and
disbursements, and the motion granted, with ten dollars costs.

JENKS, P. J., MILLS, BLACKMAR and KELLY, JJ., concurred.

Order reversed, with ten dollars costs and disbursements,
and motion granted, with ten dollars costs.