ABRAHAM BLOCK, Plaintiff, *v.* BACON COAL COMPANY, Respondent.

(Supreme Court, New York Trial Term, December, 1920.)

**Venue — changed to proper county — Code Civ. Pro. § 984.**

> Where after a jury had been impaneled for the trial of an action brought in the county of New York the court, upon learning that the cause of action arose and both parties resided in the county of Kings, refuses to try the case in view of section 984 of the Code of Civil Procedure, defendant's motion to transfer the cause to Kings county will be granted.
>
> *It seems* that the court had power of its own motion to summarily order the trial of the case in the county of Kings.

MOTION to change place of trial.

David M. Finck (Jacquin Frank, of counsel), for plaintiff.

William Dike Reed, for defendant.

FORD, J.   This is one of that class of cases which by section 984 of the Code "must be tried in the county, in which one of the parties resided, at the commencement thereof."

A jury had already been impaneled before the court learned that the cause of action arose and both parties resided in the county of Kings.   Thereupon the trial justice declared that he would not try the case.

Up to this point both counsel had proceeded in evident willingness to have the trial in New York county and it was only after the court's express refusal to try the case that defendant's counsel moved that it be sent to Kings, the proper county, for trial.

This exact narrative is given because I desire that there be no misapprehension as to the precise grounds upon which the order transferring the case is based. It was essentially upon the motion of the court itself that the order was made although in form upon the motion of defendant's counsel.

This puts the case on all fours with *Phillips* v. *Tietjen,* 108 App. Div. 9, which was decided by the Appellate Division of the second department in 1905.   That case held squarely that the trial court might not of its own motion send the case to the proper county.

That rule has never been expressly adopted in this department so far as I can discover, although the *Phillips Case, supra,* was mentioned in *Cronin* v. *Manhattan Transit Co.,* 124 App. Div. 543, a first department decision, wherein the court pointed out that the rule laid down by the second department did not apply to the case then under consideration.

In *Goldfelder* v. *Greenberg,* 189 App. Div. 184, the second department so far as can be gathered from the brief opinion seems to have departed from the rule laid down in the *Phillips Case, supra.*

The *Goldfelder Case, supra,* was brought in West-

chester county in which neither party resided.  Defendant served the demand required by section 986 of the Code but failed to comply with the further provision that a notice of motion be served within the time specified for a change of the place of trial to the proper county.  Such a motion was made afterwards and was opposed upon the sole ground that it had not been made within the statutory time.  The motion was denied and the Appellate Division in reversing held: "Section  986 of the Code is directory merely, and the court had power under section 987 to change the place of trial although no demand had been made. (*Cronin* v. *Manhattan Transit Co.*, 124 App. Div. 543, 544.)  Westchester county is not the proper county for the trial of this action.  (Code Civ. Proc. § 984.) It was a mistake to bring it there, and the court is not without power to correct it.  The motion ought to have been granted, and it follows that the order must be reversed."

An examination of the cases which discuss the question of a change in the place of trial reveals that they almost uniformly consider it from the point of view of the statutory right of the litigant to have the place changed.

The rights of the public and of the taxpayer have not received due consideration as it seems to me.

There has grown up among lawyers the practice of bringing actions for trial in New York county although the cause of action arose and both parties resided in an adjacent county or counties.

The instant case grew out of an accident which occurred in Kings county.  Both parties and all the witnesses resided there.  Merely because his office is in New York county or for some other trivial reason, the lawyer brings the case for trial to our crowded courts.

Usually the opposing lawyer is quite content because his office is also here. Practically the interests of the litigants and the convenience of witnesses are not considered. As a matter of fact it is of small moment to the parties where the case is tried for the same brand of justice is handed down in either case.

But why should either lawyer or litigant be permitted to lift the burden of the trial from one county and impose it upon another?

The statute says the case *must be tried* in the county where the litigants or one of them resided. I believe the court has the power of its own motion to summarily order such a case to the county where it properly belongs and to impose upon that county the burden of disposing of its own lawsuits. The order transferring the case to Kings county has been signed.

Motion granted.