the attorney for plaintiff's assignor had entered with Almy into an agreement of compromise by which plaintiff's assignor was to be paid the sum of $1,500 in consideration of the delivery of a bill of sale to defendant. The bill of sale was delivered to Almy, who forwarded it to Wickham, defendant's general agent, and Wickham retained it. Its retention by Wickham might justify the inference that Almy's action in making the agreement with the attorney for plaintiff's assignor had either been authorized or ratified by Wickham. Young, Rich, Kapper, Lazansky and Hagarty, JJ., concur.

JACOB J. BUCHWALD, Respondent, v. JAMES MOUYEOS, Appellant.— Judgment and order of the City Court of the City of Mount Vernon affirmed, with costs. No opinion. Lazansky, P. J., Young, Hagarty and Carswell, JJ., concur; Seeger, J., dissents and votes for dismissal of the complaint upon the ground that plaintiff did not prove facts sufficient to constitute a cause of action.

WILIBALD BUSCH, Appellant, v. WALDO AMUSEMENT COMPANY, INC., and Others, etc., Respondents, and Others, Defendants.— Order denying plaintiff's motion to frame issues affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Kapper, Seeger and Carswell, JJ., concur.

CHARLES L. CORBETT, Respondent, v. BRONX BUICK COMPANY, INC., and HOMER V. BURNHAM, Appellants.— The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Order denying motion to change place of trial affirmed, with ten dollars costs and disbursements. We adhere to our ruling in Goldfeder v. Greenberg (189 App. Div. 184), but the facts here shown must be considered a waiver upon the part of defendants to obtain a change of the place of trial as a matter of right. Rich, Young, Kapper and Hagarty, JJ., concur.

FRANK D. CREAMER & Co., INC., Respondent, v. MINNIE RIVKIN and MINBERT REALTY CORPORATION, Appellants. LEWHOFF CONSTRUCTION Co., INC., and Others, Defendants. MAX BLUMBERG, Respondent. (Appeal No. 1.) — Order denying motion to declare reference ended, in so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Kapper, Seeger and Carswell, JJ., concur.

FRANK D. CREAMER & Co., INC., Respondent, v. MINNIE RIVKIN, BENJAMIN RIVKIN and MINBERT REALTY CORPORATION, Appellants. LEWHOFF CONSTRUCTION Co., INC., and Others, Defendants. MAX BLUMBERG, Respondent. (Appeal No. 2.) — Order denying motion to declare reference ended, in so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Rich, Kapper, Seeger and Carswell, JJ., concur.

VINIE A. DARNELL, Respondent, v. THE LONG ISLAND RAILROAD COMPANY, Appellant.— Judgment reversed upon the law and the facts, with costs, and complaint dismissed, with costs. Vinie A. Darnell was guilty of contributory negligence as a matter of law. (Fitch v. N. Y. C. R. R. Co., 233 N. Y. 356; La Goy v. Director-General of Railroads, 231 id. 191; Cassidy v. Fonda, Johnstown & Gloversville R. R. Co., 234 id. 599; Hagglund v. Erie R. R. Co., 210 id. 46; Van Wormer v. Schenectady Railway Co., 207 App. Div. 7.) The facts in Chamberlain v. Lehigh Valley R. R. Co. (238 N. Y. 233) distinguish it from the foregoing cases and the instant case. In view of this disposition of the case, the appeal from the order denying motion for a new trial is dismissed. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.