MANUFACTURERS TRUST COMPANY, as Successor Corporate Trustee by Merger to CHATHAM PHENIX NATIONAL BANK AND TRUST COMPANY, under a Certain Trust Mortgage Made by ROERICH MUSEUM to CHATHAM PHENIX NATIONAL BANK AND TRUST COMPANY, Corporate Trustee, and Another, Respondent, *v.* ROERICH MUSEUM and Others, Appellants, Impleaded with ROERICH MUSEUM, INCORPORATED, and Others, Defendants.\*

First Department, July 1, 1932.

\* Appeal dismissed, 260 N. Y. 562.

*Edward S. Greenbaum* of counsel [*Morris L. Ernst* with him on the brief; *Greenbaum, Wolff & Ernst*, attorneys], for the appellants Roerich Museum, Inc., Louis L. Horch and Maurice M. Lichtmann.

*J. M. Richardson Lyeth* of counsel [*John P. Allee* with him on the brief; *Carter, Ledyard & Milburn*, attorneys], for the respondent.

McAvoy, J.   We conclude that under section 150 of the General Corporation Law a receiver can only be appointed in an action brought to foreclose a mortgage upon property of a corporation where it appears (1) that the mortgage debt or the interest thereon has been unpaid for thirty days after payment demanded; and (2) that either the income of the property is specifically mortgaged, or the property itself appears to be insufficient to pay the debt.

The statute provides that no receiver can be appointed until thirty days after demand.   The requirement of the statute as to default, demand and failure to pay not having been complied with, the order was not validly made.

There is no allegation in the moving papers that the parties liable for the debt are insolvent, and there is no proof that the mortgaged premises are inadequate security for the debt.

It is our opinion, too, that under section 183 of the Civil Practice Act all actions involving real property, including an action to foreclose a mortgage, " must be tried in the county in which the subject of the action or some part thereof is situated."   The property sought to be foreclosed in the present case is located in New York county.   Nevertheless the action was brought and receiver appointed in Bronx county.

The venue is laid in the county of commencement of the suit, and since it cannot be tried there it should never have been so brought.

We believe the application for a receiver was improperly made for both the foregoing reasons, and that the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs to appellants.

MERRELL and O'MALLEY, JJ., concur; FINCH, P. J., and MARTIN, J., vote to reverse on the ground that the action must be tried in New York county where the real property is situated.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.