NEW YORK TITLE AND MORTGAGE COMPANY, Appellant, *v.* POLK ARMS, INC., Respondent, Impleaded with Others.

ISRAEL FREIDUS, Appellant, *v.* 198 WEST 134TH STREET REALTY CO., INC., et al., Respondents, Impleaded with Others.

(Argued April 10, 1933; decided May 23, 1933.)

*John Vance Hewitt, Morris Woolf* and *J. Earle Williams* for New York Title and Mortgage Company, appellant.

24

*Ralph E. Freidus* for Israel Freidus, appellant.

*George W. Whiteside, Leonard P. Moore* and *Robert M. Bozeman* for Chemical Bank and Trust Company, *amicus curiæ.*

*De Coursey Fales* and *John G. Boston* for The Savings Bank Association et al., *amici curiæ.*

*Stephen S. Bernstein* and *Martin Lippman* for Polk Arms, Inc., respondent.

*William Davis* for 198 West 134th Street Realty Co., Inc., et al., respondents.

POUND, Ch. J.   These cases are actions to foreclose mortgages on real property owned by corporations.   They present the question as to the bearing of section 150 of the General Corporation Law (Cons. Laws, ch. 23) on the appointment of receivers in such actions *pendente lite*, of the rents and profits of the mortgaged premises.   It has been held that orders appointing such receivers in these cases are improperly made if the plaintiff fails to show that the mortgage debt or interest thereon remained unpaid for at least thirty days after payment demanded, although the mortgage itself provides for the appointment of a receiver of rents and profits without notice or demand in the event of any default in the payment of principal or interest.

Section 150 of the General Corporation Law now reads as follows:

" § 150. Appointment of receivers of property of corporations.   A receiver of the property of a corporation

can be appointed only by the court, and in one of the following cases: * * *

" 2. An action brought for the foreclosure of a mortgage upon property of the corporation, where the mortgage debt or the interest thereon has remained unpaid for at least thirty days after payment demanded and where either the income of the property is specifically mortgaged or the property itself appears to be insufficient to pay the mortgage debt."

It is followed by section 151, which provides as follows:

" § 151. Application for appointment or removal of receiver. An application for the appointment or removal of a receiver of the property of a corporation shall be made at a special term of the supreme court in the judicial district in which the office of the corporation is located, except that such an application in an action brought by the attorney-general in behalf of the people shall be made in the judicial district in which the action is triable."

Civil Practice Act, section 183, provides that actions to foreclose a mortgage upon real property must be tried in the county in which the real property or some part thereof is located.

The language of section 150 of the General Corporation Law is not clear. An inconsistency between the general purpose of the section and paragraph 2 thereof is obvious. Receivers of the property of a corporation are appointed pursuant to statute in actions for sequestration, in actions to annul a corporation and in other actions where violation of the law or insolvency is shown and judicial supervision of the corporation is required. Such receivers take title to all the corporate property for the benefit of all the creditors and stockholders. The appointment of a receiver of rents and profits is a not unusual incident of an action on mortgage foreclosure. The inconsistency of language may be due to a confusion of ideas. Section 150 of the General Corporation Law has to do in

general with the appointment of a receiver of the general assets of an insolvent corporation named to secure equality of payment of claims due creditors by preventing priority through attachments and judgments. Such purpose is not germane to the appointment of a receiver of the rents and profits of the mortgaged property which are assigned by a mortgagor to the holder of the mortgage as additional security for the payment of the mortgage indebtedness.

The section has been made by the courts below to read that no receiver of the rents and profits of mortgaged property owned by a corporation can be appointed unless it appears (1) that the mortgage debt or interest thereon has been unpaid for thirty days after payment demanded and (2) that either (a) the income of the property is specifically mortgaged or (b) the property itself appears to be insufficient to pay the debt, although the mortgagor has otherwise agreed. (*Manufacturers Trust Co.* v. *Roerich Museum*, 236 App. Div. 76.)

Whatever possible construction may be placed on the statute, we think that it does not interfere with the power of the court to appoint a receiver of rents and profits in a mortgage foreclosure action as provided for in the mortgage. As ANDREWS, J., said in *U. S. Trust Co.* v. *New York, W. S. & B. Ry. Co.* (101 N. Y. 478, 483): "The power of a Court of Chancery to appoint a receiver *pendente lite*, in foreclosure cases, is a part of its incidental jurisdiction, not depending upon any statute, and which it exercises, whenever by reason of the insufficiency of the security, or other reason, equity requires that the rents and profits of the mortgaged property, pending the litigation, should be impounded and retained, to be applied upon the debt, to be ascertained by the final judgment. The receiver by virtue of his appointment, takes possession of the mortgaged property and receives the rents and profits as the officer of the court, but the title to the property is not changed, but remains in the mortgagor

until a sale under the decree in the action. This jurisdiction is not affected by the character of the mortgagor, whether an individual or a corporation. It rests upon grounds quite independent of the character of the parties to the instrument, or the nature of the mortgaged property. But it was held at an early day in this State, that the jurisdiction of chancery did not extend to the sequestration of the property of a corporation by means of a receiver, or to the winding up of its affairs, or to control or restrain the usurpation of franchises by corporate bodies, or by persons claiming without right to exercise corporate powers."

We have one kind of receiver of the property of the corporation appointed in insolvency and another kind in mortgage foreclosures who is a mere receiver of rents and profits, appointed by the court by or without the consent of parties. The former is appointed only as the court has been given jurisdiction over corporate bodies. ( *U. S. Trust Co.* v. *New York, W. S. & B. Ry. Co., supra.*) The latter is appointed without authority from statute. The provisions of section 150 of the General Corporation Law can logically be related only to the former type. We shall not imply an attempt on the part of the Legislature to affect the inherent power of the court over the appointment of the latter type when acting upon the consent of a corporation mortgagor.

While it might be questionable whether the distinction between corporations and natural persons is a substantial basis for the attempted discrimination, it is unnecessary to determine that question. The Legislature may classify litigation and adopt one type of procedure for one class and a different type for another. (*Dohany* v. *Rogers,* 281 U. S. 362, 369.) It is at least doubtful whether it may put holders of corporate mortgage securities in one class and holders of individual mortgage securities in another so as to discriminate against the enforcement of contract rights by the former, without denying the equal

protection of the laws. We rest our decision on the reasonable construction to be given to the loose and inconsistent language of the statute and on the inherent power of the court to appoint receivers *pendente lite* in all mortgage foreclosures and enforce the lawful contracts of parties in that regard.

By answering in the affirmative the question certified in the Polk Arms case, to wit: " Upon the facts set forth in the moving papers was the plaintiff entitled to the appointment of a receiver pending the foreclosure action notwithstanding the provisions of section 150 of the General Corporation Law? " we also dispose of all the material questions raised in the other case.

In the Polk Arms case the order of the Appellate Division should be reversed and the order of the Special Term denying defendant's motion to vacate the order appointing a receiver affirmed, with costs in this court and in the Appellate Division, and the question certified answered in the affirmative.

In the case of 198 West 134th Street Realty Co., Inc., the orders should be reversed and the motion to vacate the order appointing a receiver denied, with costs in all courts. The questions certified are not answered.

CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur; HUBBS, J., not sitting.

Ordered accordingly.