SELIGMAN FABRICS CORPORATION, Plaintiff, *v.* BUR-LEE FROCKS, INC., Defendant;

City Court of New York, Bronx County, January 10, 1934.

*Horowitz & Hurwitz,* for the plaintiff.

*Stanley M. Lazarus,* for the defendant.

ADLERMAN, J. Plaintiff moves for reargument of motion for change of venue. The court granted the defendant's motion for change of venue, it appearing that the parties were residents of New York county.

Plaintiff contends that the motion was improperly granted because the defendant failed to serve a demand pursuant to section 146 of the Rules of Civil Practice, and that, therefore, the defendant lost or waived its right to such change. An examination of the statutes and the sections of the Codes affecting the Supreme Court and the City Court of the City of New York and the rules of the said courts shows that such demand is only necessary in an action brought in the Supreme Court (Rules Civ. Prac. rule 146) and does not apply to an action brought in the said City Court. Section 48 of the New York City Court Act provides: " If the action be brought in a county other than as above provided, it may remain in said county unless the defendant makes application for an order of transfer. Such application shall be based on an affidavit of the defendant."

The rules of the said City Court were apparently framed with the idea that no demand is necessary as a prerequisite to an application for change of venue, and likewise has no reference to any preliminary demand, but merely provides as follows: " Rule 15. All applications to transfer a case pursuant to section 48 of the City Court Act shall be upon notice returnable in the division in which the action is pending."

It is, therefore, apparent that the practice in the Supreme Court is entirely different from the practice provided in the City Court Act and that the City Court Act does not provide for the service

of a demand but distinctly provides for the method of change of venue by motion. Moreover, an examination of the affidavits shows that the notice of motion for change of venue was served with the amended answer herein. That should be construed as full compliance with rule 146 of the Rules of Civil Practice. The case of *Strauss* v. *Ocean Accident & Guarantee Corp., Ltd.* (146 Misc. 766), cited by the plaintiff, is not in point, as that decision is purely an *obiter dictum*, the point involved apparently relating to a demand for change of venue due to the convenience of witnesses.

Owing to the fact that the commercial calendar of this court is almost up to date, it has become the practice of non-residents to bring commercial cases in this court for the purpose of procuring an early trial, thereby causing the calendar of the court to become crowded, to the detriment of litigants and residents of Bronx county. This court wishes to discourage this practice and the court has power of its own motion to change the venue of an action improperly brought. (*Block* v. *Bacon Coal Co.*, 114 Misc. 54; *Goldfeder* v. *Greenberg*, 189 App. Div. 184.) Motion for reargument granted, and, upon such reargument, original decision adhered to. Submit order.