THOMAS JOYCE, an Infant, by JOHN JOYCE, His Guardian ad Litem, et al., Plaintiffs, v. DANIELS & KENNEDY, INC., Defendant.

Supreme Court, Special Term, Kings County, April 1, 1943.

*William B. O'Connor* for defendant.

*Louis Engelhart* for plaintiffs.

CUFF, J. Motion by defendant for a change of venue. All parties reside, and the accident happened, in New York County. Defendant failed to serve a demand for the change. Its only move after answering has been to make this motion. An action brought in the Supreme Court must have its venue in the resident county of one of the parties (Civ. Prac. Act, § 182). Rule 146 of the Rules of Civil Practice provides procedure which, if it had been followed in this case, would have ripened into winning the change for defendant as a matter of right. It was not followed however. Does that mean that defendant's right to an

observance of the statute (§ 182) is lost? I think not. At the most, what had been defendant's absolute right to a change of venue, because of its neglect to adhere to the procedure (rule 146), has become a matter of discretion for Special Term (*Reichenbach* v. *Corn Exchange Bank Trust Co.*, 249 App. Div. 539). The situation presented is important. The county of venue is Kings, which is a mere five-cent subway ride from New York County where the action should have been brought. Suppose it had its venue in Erie, to reach which the transportation expense would be considerable and time needed overnight, the combination making it impossible to defend the suit. Should the court tolerate inflicting such an injustice upon a litigant because of a lapse on the part of someone with respect to procedure? Of course plaintiff will say that there is scarcely any difference between attending court in Brooklyn (Kings County) and Manhattan (New York County), while there is a vast difference in having to travel to Buffalo (Erie County). The principle is the same. The court should not weigh, when exercising discretion in a situation of this kind, the conveniences great or small of the parties in reaching the court house. That would lead to some freakish situations of having trials in strange counties in which none of the parties belonged and wherein the accident had not occurred. The court should inquire into the original wrong. Why was the suit brought in Kings County contrary to the provisions of law? In the absence of a satisfactory explanation of that disregard for a statutory requirement, the discretion of the court should prompt a return of the litigation to the proper county. Plaintiff offers no excuse. The motion is granted.