G. Robert Wither, J.
Early in 1955 plaintiff-respondent, Grace E. Murphy, brought action against Pfeiffer Glass Co., Inc., William B. Burke, Jr., et ah, defendants-respondents, to foreclose a mortgage, and upon the request of all of the parties on April 6,1955, this court, through an order made by the undersigned, appointed Albert R. Gilman receiver of the rents and profits of the mortgaged premises, with authority to carry on the business of the corporate owner. A little more than a year later, said receiver submitted his annual account for settlement and for allowances, upon due notice. No one appeared in opposition, and by order made by the undersigned dated June 25, 1956, commissions were allowed to the receiver in a sum not in excess of the percentage authorized by section 1547 of the Civil Practice Act. A year later the receiver likewise submitted his annual account for the year ending in April, 1957, for settlement and for allowances, upon due notice. No one appeared in opposition, and, by order of July 2, 1957, signed by Mr. Justice Henry, commission a were allowed to him in a sum not in excess of the percentage authorized by section 1547 of the Civil Practice Act.
The court is informed that thereafter persons interested in the matter sought the resignation of the receiver, and that, therefore, on April 6, 1958 he resigned, a successor was appointed, and receiver Gilman submitted his final account to April 6, 1958 for settlement and for allowances, upon due notice.
*215 Respondents, being the parties plaintiff and defendants to the foreclosure action, have filed objections to the account, and defendants-respondents have made two cross motions, one directed to the said order of June 25, 1956 and the other to the order of July 2, 1957, asking that said orders be reopened and that commissions allowed therein to the receiver be reduced. Upon the argument of these motions counsel stated to the court that the only remaining objection which they wished to present to the court was the correctness of the computation of allowances and commissions to the receiver on the occasion of the two prior orders, and the amount to be allowed to him upon this final accounting. Respondents claim that commissions should have been and should be computed under section 192 of the General Corporation Law, whereas in fact they were computed under section 1547 of the Civil Practice Act.
The solution of this problem depends upon the law and authority under which the receiver was appointed on April 6, 1955. The action at that time was not one by a stockholder or general creditor for the appointment of a receiver of an insolvent corporation (see La Vin v. La Vin, 281 App. Div. 888; Salmon v. Schenectady Mason Supply Corp., 278 App. Div. 609), but was an action by a mortgagee against a mortgagor to foreclose the mortgage and for a receiver during foreclosure. (United States Trust Co. v. New York, West Shore & Buffalo Ry. Co., 101 N. Y. 478, 483-486; New York Title & Mtge. Co. v. Polk Arms, 262 N. Y. 21; New York Term. Co. v. Gaus, 204 N. Y. 512, 515 et seq.)
Thus, in appointing the receiver, it is clear that it was immaterial that one of the defendants and principal mortgagor was a corporation. As the court said in the United States Trust Co. case (supra, p. 483): “ This jurisdiction is not affected by the character of the mortgagor, whether an individual or a corporation.” (The foregoing was also quoted with approval in the Polk Arms case, supra, p. 30.) Viewed in this light it is apparent that the General Corporation Law has no application to this receivership, and the order of this court of June 25, 1956 was properly made. In any event under the circumstances the court would not feel justified in disturbing said order (Central Hanover Bank & Trust Co. v. Williams, 244 App. Div. 566).
Although the same principle applies to the order by Mr. Justice Henry dated July 2, 1957, it is not for this court to review his order or to comment thereon. (People v. National Trust Co., 31 Hun 20.)
The motion for approval of the final account of the receiver is, therefore, granted. In fixing the commissions to the receiver *216 on this final account, the court is mindful of the commissions heretofore allowed to him in said orders of June 25, 1956 and July 2,1957, and that the receiver has had a successful administration of his trust. He is allowed the additional sum of $4,000. His attorneys are allowed the sum of $3,000.
The cross motions to reopen the said two prior orders are denied.
Submit order accordingly.