George Tilzer, J.
The main action by the landlords seeks a declaration affecting the landlords ’ property located in Kings County. The answer of the defendant did not seek to have the action transferred to that county in which the property is situated. By way of a third-party complaint, the defendant seeks to eject the third-party defendant and also asks for declaratory relief affecting the real property. The third-party defendant brings the present motion pursuant to section 183 of the Civil Practice Act, to change the place of trial and the issues raised by the third-party complaint and answer.
The defendant third-party-plaintiff opposes the motion, although it is admitted that the matters are su interwoven in factual and legal aspect that to have two courts pass upon the issues would impose an undue burden not only on the parties but on the courts.
The commands of the statute, as well as the demands of orderly procedure, require that the action in its entirety be tried in Kings County. Although the main plaintiffs treat the application as affecting solely the third-partv complaint, it appears that the action arose by virtue of the entry into the *714 premises of the wife of the alleged half-owner of the premises, Harry Franco. In the circumstances, pursuant to the statute and in accordance with the request of the third-party defendant, and in the court’s"' discretion, the action in its entirety — the main action, as well as the issues raised by the third-party complaint — is to be transferred to the County of Kings. (Civ. Prac. Act, § 183; Reichenbach v. Corn Exch. Bank Trust Co., 249 App. Div. 539.)
Settle order.