■ ALBERT DU PONT, Doing Business under the Name of DU PONT'S COMMISSION AUCTION, Appellant, v. BANK OF UTICA et al., Respondents.— Appeal by plaintiff from an order of the Supreme Court changing the place of trial from the County of Montgomery to the County of Oneida. The action is based upon an alleged guarantee by the defendants of the payment of a check given to the plaintiff by a corporation, not a party to this action, in payment for merchandise purchased at a commission auction held in Montgomery County. Both defendants reside in Oneida County and the plaintiff resides in Herkimer County. Concededly, Montgomery County is not a "proper" county for the venue, although the plaintiff maintains a place of business there and the transactions involved in this litigation occurred there. (Civ. Prac. Act, § 182.) It is also conceded that defendants did not comply with rule 146 of the Rules of Civil Practice by serving a written demand that the action be tried in the proper county. Rule 146 says that the defendant "must" serve such a demand with the answer or before the answer. Here the only demand was in the form of a motion, connected with a motion for a preclusion order, made approximately eleven months after the action was commenced. Although all the parties and the court below recognized that by the failure to comply with rule 146 the defendants lost their opportunity to have the place of trial changed as a matter of right, Special Term has decided that the court still has discretion to change the place of trial because the action was not brought in the proper county, thus rendering rule 146 and its mandatory provisions useless and without any effect whatever. Appellants and the court at Special Term rely principally upon *Reichenbach* v. *Corn Exch. Bank Trust Co.* (249 App. Div. 539). That was an action involving the title to real

estate and eventually the judicial sale of real estate, where the action must be brought in the county where the real estate is situated, and the decision appears to be based entirely upon that factor. Assuming, however, that the court at Special Term had inherent power to exercise discretion in changing the place of trial without any statutory authority whatever, and with an unexcused failure to comply with the only statutory direction, the discretion was improvidently exercised. Both the order appealed from and the opinion of the court below recite that the place of trial was changed partly on the ground of convenience of witnesses and the promotion of the ends of justice. The motion papers are completely lacking in the well-recognized requirements of a motion to change the place of trial on such grounds. There is no averment as to the nature of the testimony of any witness, its materiality or necessity, or, in fact, any of the requirements for changing the place of trial on the ground of the convenience of witnesses. We are all agreed that the papers are inadequate to support an order upon such grounds. The order must stand or fall solely upon the ground that the action was not brought in a proper county. The defendants failed to avail themselves of an express statutory opportunity, and the place of trial should not have been changed from the county where the plaintiff maintains a place of business and where the transaction occurred and where an earlier trial may be had. Order reversed on the facts and the law and in the exercise of discretion, with $10 costs, and the motion denied. Coon, Gibson and Herlihy, JJ., concur; Reynolds, J., dissent in the following memorandum in which Foster, P. J., concurs: Appeal from an order of the Supreme Court, Montgomery County which granted a motion for a change of venue from Montgomery to Oneida County. The appellant, a resident of Herkimer County instituted this action in Montgomery County against the respondents, residents of Oneida County, to recover on a check allegedly guaranteed by the respondents. The summons and complaint were served on July 15, 1957 and on April 1, 1958, the respondents served an answer and a demand for a bill of particulars. Over two months thereafter the respondents moved for an order of preclusion for failure to serve a bill of particulars and for a change of venue. The motion for a change of venue was granted on the grounds that the action was not brought in the proper county and for the convenience of witnesses. The order for preclusion is not involved on this appeal. The moving papers were wholly insufficient to warrant a change of venue based on the convenience of witnesses. The action was not brought in the proper county since none of the parties reside therein and the respondents would have been entitled to a change of venue as a matter of right had they made a timely demand in compliance with rule 146 of the Rules of Civil Practice. However, their failure did not deprive the court below of its power to order in its discretion that the venue of the action be changed to a proper county. This discretionary power has been recognized for years (*Cronin* v. *Manhattan Tr. Co.*, 124 App. Div. 543, 544; *Goldfeder* v. *Greenberg*, 189 App. Div. 184; *Corbett* v. *Bronx Buick Co.*, 222 App. Div. 751; *Reichenbach* v. *Corn Exch. Bank Trust Co.*, 249 App. Div. 539, and many other cases). The only case in which the action involving real property is *Reichenbach* (*supra*) — we find no authority to the contrary and none has been called to our attention. That the appellate courts should not interfere with the discretion of the Special Term unless there has been a clear abuse of discretion requires no citation. The fact that the plaintiff maintains a place of business in Montgomery County has no significance whatever under the venue statutes. The affidavits are conflicting as to where the transaction occurred. There is no satisfactory showing that as between these up-State counties, the

delay in trial in either one will be unconscionable. All these matters are much more clearly in the mind of the Justice at Special Term, who has firsthand information on same. No abuse of discretion appears which would require the interference of an appellate court. The order should be affirmed.