William R. Brennan, Jr., J.
The defendants move to change venue from Nassau County to Eensselaer County upon the grounds that none of the parties are residents of Nassau County within the meaning of the venue sections; and also for convenience of witnesses. The motion is granted on the first ground.
The plaintiff is a resident of Nassau County, but she sues as the assignee of a corporation whose principal office is in New York County which is where any action maintained by it would *173 have had to be commenced (CPLR 503, subds. [a], [c]). The plaintiff, as assignee, could properly have laid venue only in New York County (CPLR 503, subd. [e]) or in a county of residence of any of the defendants (CPLR 503, subd. [a]).
There was a timely demand for change of venue served with the answer on February 13,1964. (CPLR 511.) However, the motion herein was not made until April 13 (CPLR 2211) which was substantially beyond the time limit for the motion on residence grounds (“ Thereafter the defendant may move to change the place of trial within fifteen days after service of the demand ”. CPLR 511, subd. [b]). Objection is now taken to the motion on these grounds as being untimely. The objection is overruled. Had a timely motion been made, the defendants would have been entitled to the change as a matter of right. That does not mean, however, that the action must be retained in a county where neither plaintiff’s assignor nor any of the defendants resided at the commencement of the action (Goldfeder v. Greenberg, 189 App. Div. 184; Joyce v. Daniels & Kennedy, 180 Misc. 233).
In Goldfeder, a Second Department ruling, the action was brought in Westchester County, although neither party resided there. The defendant served a notice for change of venue, but neglected to follow this up by serving a notice of motion to change the place of trial. The motion ultimately made was resisted as untimely. The court reversed a Special Term order denying the motion, and granted it, stating (p. 185): “ Westchester county is not the proper county for the trial of this action. * * * It was a mistake to bring it there, and the court is not without power to correct it. The motion ought to have been granted
In view of this disposition, it is unnecessary to pass upon the alternative grounds for the motion except to note that the papers are incomplete in that respect (Sanders v. Prescott, 234 App. Div. 899; Dairymen’s League Co-Op. Assn. v. Brundo, 131 Misc. 548, 549; McCadam v. Spahalski, 123 N. Y. S. 2d 157).