■ JACK SHERMAN, Appellant, v H & G OPERATING CORPORATION, Doing Business as RALEIGH HOTEL, Respondent. [605 NYS2d 547] —Mikoll, J. P. Appeal from an order of the Supreme Court (Williams, J.), entered March 29, 1993 in Sullivan County, which granted defendant's motion for a change of venue.

The issue before us distills to whether Supreme Court erred in granting a change of venue in a personal injury action as a matter of discretion. In seeking a change of venue, defendant alleged in its moving papers that plaintiff improperly designated Bronx County as the place of trial, that plaintiff was not a resident thereof at the time of the commencement of the action but resided in New Jersey, and that plaintiff's fall occurred at the Raleigh Hotel located in Sullivan County, defendant's principal place of business. Defendant contends that under such circumstances Sullivan County is the appropriate venue.

Plaintiff, an 81-year-old man who as a result of the fall in

defendant's hotel is presently in a nursing home in Bronx County, submitted an affidavit attesting to the fact that Bronx County is his permanent residence, that his injuries and resulting frail condition required his move there from New Jersey, first to his daughter's home and then to the nursing home where he now resides, and the abandonment of his former residence in Newark, New Jersey, to which he does not intend to return.

CPLR 503 (a) designates the place of trial to be in a county in which one of the parties resides. Defendant's request for a change of venue was predicated on the contention that defendant is not a resident of Bronx County. Plaintiff's affidavit disputed such allegation and no facts were presented to contradict plaintiff's sworn statement. The exercise of Supreme Court's discretion on defendant's behalf under such circumstances was improper (see, CPLR 510 [1]). The court failed to otherwise address the question of the propriety of the choice of venue (see, Du Pont v Bank of Utica, 9 AD2d 807).

Yesawich Jr., Crew III, White and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.